## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIAN EDWARDS; KENVILLE EDWARDS; KEITHMICHAEL MITTO; and ELIZABETH EDWARDS | CIVIL NO.: _____ |
| Plaintiffs, | |
| v. | |
| CITY OF HARTFORD; JAMES ROVELLA; OFFICER MATTHEW CORNELL; CHRISTOPHER MAY; and ERIC BAUMGARTEN | |
| Defendants. | JUNE 18, 2013 |

## COMPLAINT

## INTRODUCTION

1.      This action is to redress the excessive and unreasonable use of force against the

Plaintiffs, Fabian Edwards, Kenville Edwards, KiethMichael Mitto, and Elizabeth Edwards, by

Defendants, Police Officers of the City of Hartford Police Department, in violation of the

Plaintiffs' rights under the Fourth, Fifth, and Fourteenth Amendments of the United States

Constitution as enforced through 42 U.S.C. sections 1983 and 1988, and the deprivation of the

Plaintiffs' liberty without the due process of law, in violation of the Fourteenth Amendment.

Plaintiffs also assert state law claims alleging violations of the Connecticut Constitution article

first, §§ 7 and 9; assault and battery; recklessness and maliciousness; negligence; negligent

infliction of emotional distress; intentional infliction of emotional distress; and municipal liability

for the aforesaid under Connecticut General Statutes section 52-557n.

## JURISDICTION

2.      This Court has jurisdiction of the claims for deprivation of constitutional rights

under 28 U.S.C. Sections 1331 and 1343; under 42 U.S.C. Sections 1983 and 1988; and this Court has supplemental jurisdiction over all state law claims under 28 U.S.C. Section 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391 because: (1) all Defendants reside within the judicial district, and (2) all of the events giving rise to this Complaint occurred in this judicial district.

**PARTIES**

4.      Plaintiff, Fabian Edwards, is a resident of Bloomfield, County of Hartford, and the State of Connecticut.

5.      Plaintiff, Kenville Edwards, is a resident of Hartford, County of Hartford, and the State of Connecticut.

6.      Plaintiff, KeithMichael Mitto, is a resident of Margate, County of Broward, and the State of Florida.

7.      Plaintiff, Elizabeth Edwards, is a resident of Margate, County of Broward, and the State of Florida.

8.      Defendant, the City of Hartford is a municipality in the County of Hartford created and existing as a political subdivision of and in the State of Connecticut.

9.      Defendant, James Rovella, is the Chief of the Hartford Police Department, having his principal business address at 50 Jennings Road, Hartford, Connecticut.

10.      Defendant, Matthew Cornell, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 50 Jennings Road, Hartford, Connecticut.

11.      Defendant, Christopher May, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 50 Jennings

Road, Hartford, Connecticut.

12.     Defendant, Eric Baumgarten, is and was at all times relevant hereto a police officer of the Hartford Police Department, having his principal business address at 50 Jennings Road, Hartford, Connecticut.

13.     Officer Cornell, Officer May, Officer Baumgarten, and Chief Rovella are being sued in their respective official and individual capacities.  At all relevant times, each acted jointly and severally, under color of the statutes, ordinances, customs, and usage of the State of Connecticut and the City of Hartford and the Hartford Police Department, and had an affirmative duty to enforce the civil rights of every citizen, including the Plaintiffs', and to prevent the violation of citizens' civil rights.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14.     On June 14, 2012, Plaintiffs resided in a three family apartment building located at 234 Franklin Avenue, Hartford, CT (the "Premises").

15.     On said date, at approximately 7:18 pm, Fabian Edwards exited the Premises and began to walk across Bond Street in Hartford, CT towards Paulino Grocery Store, which was located at the corner of Franklin Avenue and Bond Street.

16.     On said date and time, Officer Cornell and Officer May and other uniformed officers were on a directed patrol at the corner of Franklin Avenue and Bond Street.

17.     About two feet prior to entering Paulino Grocery Store, Fabian Edwards stopped, took out his cellular telephone, and began to call his wife.

18.     Officer Cornell walked up behind Fabian Edwards and yelled, "No loitering. Get the fuck inside."

19.     Fabian Edwards responded that he "was going to the store" and began to open

3

the front door of Paulino Grocery Store.

20.     Officer Cornell then proceeded to suddenly, violently, without provocation, and without warning, shove Fabian Edwards through the open front door of Paulino Grocery Store.

21.     Officer Cornell and Officer May then returned to their patrol vehicle.

22.     Thereafter, Fabian Edwards exited Paulino Grocery Store, walked across Bond Street back to the Premises, and hopped over the chain link fence that surrounded the Premises.

23.     While on the Premises, Fabian Edwards asked Officer Cornell, "Why did you put your hands on me?"

24.     Officer Cornell did not respond.

25.     Fabian Edwards repeated his question to Officer Cornell, "Why did you put your hands on me?"

26.     Officer Cornell responded by asking, "What?"

27.     Fabian Edwards again repeated his question to Officer Cornell, "Why did you put your hands on me?"

28.     Officer Cornell and Officer May then exited their patrol vehicle and ran up to the fence.

29.     Officer Cornell then put his face about 3 inches away from Fabian Edwards' face, and screamed, "I don't give a fuck if I put my hands on you, motherfucker!"

30.     Observing this confrontation from the front porch of the apartment building, Elizabeth Edwards told Fabian Edwards to come inside the first floor apartment, which he did.

31.     Officer Cornell and Office May then proceeded to enter the Premises through the front gate and walked up onto the apartment building's front porch.

32.     Thereafter, Fabian Edwards again repeated his question to Officer Cornell,

"Why did you put your hands on me?"

33.    Officer Cornell responded, "Now I am going to investigate you," and asked Fabian Edwards to produce identification.

34.    Elizabeth Edwards told Fabian Edwards to give her his license

35.    While Fabian Edwards was in the process of giving his license to Elizabeth Edwards, Officer Cornell unholstered his taser.

36.    At that time and place, Kenville Edwards came around the corner of the apartment on the Premises and asked Officer May if he was going to arrest Fabian Edwards.

37.    Thereafter, Officer May proceeded to suddenly, violently, without provocation, and without warning, assault Kenville Edwards by punching him, kicking him, beating him, pummeling him, and spraying him with pepper spray.

38.    While Officer May was assaulting Kenville Edwards, KeithMichael Mitto walked down the stairs from the third floor of the apartment.

39.    At that time and place, Officer May then proceeded to suddenly, violently, without provocation, and without warning, assault KeithMichael Mitto by punching him and spraying him with pepper spray.

40.    Blinded by the pepper spray applied by Officer May, Kenville Edwards and KeithMichael Mitto went up the stairs to the third floor of the apartment building, and began to flush their eyes with water.

41.    At the same time that Officer May was assaulting Kenville Edwards and KeithMichael Mitto, Officer Cornell proceeded to suddenly, violently, without provocation, and without warning, assault Fabian Edwards by punching him, kicking him, beating him, pummeling him, pulling his hair, and using his taser on him.

42.     Officer Cornell also proceeded to suddenly, violently, without provocation, and without warning assault Elizabeth Edwards by shoving her and using his taser on her.

43.     After Kenville Edwards and KeithMichael Mitto went up the apartment building stairs to flush their eyes, Officer May proceeded to suddenly, violently, without provocation, and without warning, assault Fabian Edwards by punching him, kicking him, beating him, pummeling him, and spraying him with pepper spray.

44.     Officer May also proceeded to suddenly, violently, without provocation, and without warning, assault Elizabeth Edwards by shoving her and spraying her with pepper spray.

45.     Thereafter, the City of Hartford Emergency Response Team a/k/a S.W.A.T. Team arrived at the Premises.

46.     One of the police offers that arrived at the Premises was Officer Baumgarten.

47.     Thereafter, Officer May and Officer Baumgarten ran up the apartment stairs, burst through the front door of the third floor apartment with their guns in their hands, and proceeded to suddenly, violently, without provocation, and without warning, further assault Kenville Edwards by spraying him with pepper spray, and punching him and kicking him until he became unconscious.

48.     Thereafter, Officer May and Officer Baumgarten placed handcuffs and leg chains on Kenville Edwards, and began to carry him out of the third floor apartment.

49.     While carrying Kenville Edwards, Officer May and Officer Baumgarten banged Kenville Edwards' head against the door frame, and twice dropped him face first on the ground.

50.     Thereafter, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto were

placed under arrest.

51.     Elizabeth Edwards was not placed under arrest.

52.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, Fabian Edwards was seriously injured.  He suffered severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body; shocks to his body and nervous system caused by the use of a taser; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience, humiliation, embarrassment, and severe terror, fright and emotional distress.

53.     The effects of Fabian Edwards' injuries, as aforesaid, are likely to be permanent in nature; additionally he will suffer great pain and mental anguish in the future and his movements and activities will be restricted all to his further loss and damage.

54.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, and the resulting injuries, Fabian Edwards, who is gainfully employed, lost earnings and/or earning capacity, all to his further loss and damage.

55.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, and the resulting injuries, Fabian Edwards was, and will be in the future, unable to carry out his everyday activities of life, thereby sustaining further loss and damage.

56.     As a direct and proximate result of Officer May's and Officer Baumgarten's conduct, Kenville Edwards was seriously injured.  He suffered head trauma, severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body; lacerations; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and

humiliation, embarrassment, and severe terror, fright and emotional distress.

57. The effects of Kenville Edwards' injuries, as aforesaid, are likely to be permanent in nature; additionally he will suffer great pain and mental anguish in the future and his movements and activities will be restricted all to his further loss and damage.

58. As a direct and proximate result of Officer May's and Officer Baumgarten's conduct, and the resulting injuries, Kenville Edwards lost earning capacity, all to his further loss and damage.

59. As a direct and proximate result of Officer May's and Officer Baumgarten's conduct, and the resulting injuries, Kenville Edwards was, and will be in the future, unable to carry out his everyday activities of life, thereby sustaining further loss and damage.

60. As a direct and proximate result of Officer May's conduct, KeithMichael Mitto was seriously injured. He suffered severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body, burning from the use of pepper spray, eye damage, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress.

61. The effects of KeithMichael Mitto's injuries, as aforesaid, are likely to be permanent in nature; additionally he will suffer great pain and mental anguish in the future and his movements and activities will be restricted all to his further loss and damage.

62. As a direct and proximate result of Officer May's conduct, and the resulting injuries, KeithMichael Mitto lost earning capacity, all to his further loss and damage.

63. As a direct and proximate result of Officer May's conduct, and the resulting injuries, KeithMichael Mitto was, and will be in the future, unable to carry out his everyday

activities of life, thereby sustaining further loss and damage.

64.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, Elizabeth Edwards was seriously injured.  She suffered severe wrenching of her neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to her body, shocks to her body and nervous system caused by the use of a taser; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress.

65.     The effects of Elizabeth Edwards' injuries, as aforesaid, are likely to be permanent in nature; additionally she will suffer great pain and mental anguish in the future and his movements and activities will be restricted all to his further loss and damage.

66.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, and the resulting injuries, Elizabeth Edwards lost earning capacity, all to her further loss and damage.

67.     As a direct and proximate result of Officer Cornell's and Officer May's conduct, and the resulting injuries, Elizabeth Edwards was, and will be in the future, unable to carry out his everyday activities of life, thereby sustaining further loss and damage.

**FIRST COUNT**

68.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

69.     Fabian Edwards was arrested without probable cause and suffered an excessive use of force in his detention by Officer Cornell and Officer May.

70.     The excessive force used by Officer Cornell and Officer May caused Fabian Edwards to suffer severe personal injuries and emotional distress and caused him to be deprived

of rights secured by the United States Constitution in one or more of the following ways:

    a.    Officer Cornell and Officer May used an excessive and unreasonable amount of force against Fabian Edwards, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through  42 U.S.C. Section 1983 and  1988;

    b.    Officer Cornell and Officer May acted toward Fabian Edwards with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Fabian Edwards' rights under the Fourteenth Amendment of the United States Constitution; and

    c.    Officer Cornell and Officer May acted toward Fabian Edwards with the intent to deprive him of his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable arrest.

## SECOND COUNT

71.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

72.    Kenville Edwards was arrested without probable cause and suffered an excessive use of force in his detention by Officer May and Officer Baumgarten.

73.    The excessive force used by Officer May and Officer Baumgarten caused Kenville Edwards to suffer severe personal injuries and emotional distress and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

    a.    Officer May and Officer Baumgarten used an excessive and unreasonable amount of force against Kenville Edwards, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States

10

Constitution as enforced through  42 U.S.C. Section 1983 and  1988;

b.     Officer May and Officer Baumgarten acted toward Kenville Edwards with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Fabian Edwards' rights under the Fourteenth Amendment of the United States Constitution; and

c.     Officer May and Officer Baumgarten acted toward Kenville Edwards with the intent to deprive him of his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable arrest.

**THIRD COUNT**

74.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

75.     KeithMichael Mitto was arrested without probable cause and suffered an excessive use of force in his detention by Officer May.

76.     The excessive force used by Officer May caused KeithMichael Mitto to suffer severe personal injuries and emotional distress and caused him to be deprived of rights secured by the United States Constitution in one or more of the following ways:

a.     Officer May used an excessive and unreasonable amount of force against KeithMichael Mitto, in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through  42 U.S.C. Section 1983 and  1988;

b.     Officer May acted toward KeithMichael Mitto with the intent to deprive him of his liberty, privileges, or immunities without due process of law, in violation of Fabian Edwards' rights under the Fourteenth Amendment of the United States Constitution; and

11

      c.      Officer May acted toward KeithMichael Mitto with the intent to deprive him of his rights under the Fourth Amendment of the United States Constitution to be free of unreasonable arrest.

**FOURTH COUNT**

77.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

78.     Elizabeth Edwards suffered an excessive use of force by Officer Cornell and Officer May.

79.     The excessive force used by Officer Cornell and Officer May caused Elizabeth Edwards to suffer severe personal injuries and emotional distress and caused her to be deprived of rights secured by the United States Constitution in one or more of the following ways:

      a.      Officer Cornell and Officer May used an excessive and unreasonable amount of force against Elizabeth Edwards, in violation of her rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution as enforced through  42 U.S.C. Section 1983 and  1988; and

      b.      Officer Cornell and Officer May acted toward Elizabeth Edwards with the intent to deprive her of her liberty, privileges, or immunities without due process of law, in violation of Elizabeth Edwards' rights under the Fourteenth Amendment of the United States Constitution.

**FIFTH COUNT**

80.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

81.     Officer Cornell and Officer May unlawfully deprived Fabian Edwards of rights secured to him by the Connecticut Constitution as a result of the excessive and unreasonable use of force and arrest without probable cause.

82.     The conduct of Officer Cornell and Officer May was unlawful and in violation of Article First, sections 7 and 9, of the Connecticut Constitution.

83.     The personal injuries and losses complained of by Fabian Edwards were the direct and proximate result of said unlawful violation of Article First, sections 7 and 9, of the Connecticut Constitution.

**SIXTH COUNT**

84.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

85.     Officer May and Officer Baumgarten unlawfully deprived Kenville Edwards of rights secured to him by the Connecticut Constitution as a result of the excessive and unreasonable use of force and arrest without probable cause.

86.     The conduct of Officer May and Officer Baumgarten was unlawful and in violation of Article First, sections 7 and 9, of the Connecticut Constitution.

87.     The personal injuries and losses complained of by Kenville Edwards were the direct and proximate result of said unlawful violation of Article First, sections 7 and 9, of the Connecticut Constitution.

**SEVENTH COUNT**

88.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

89.     Officer May unlawfully deprived KeithMichael Mitto of rights secured to him by the Connecticut Constitution as a result of the excessive use unreasonable use of force and arrest without probable cause.

90.     The conduct of Officer May was unlawful and in violation of Article First, sections 7 and 9, of the Connecticut Constitution.

91.     The personal injuries and losses complained of by KeithMichael Mitto were the

direct and proximate result of said unlawful violation of Article First, sections 7 and 9, of the Connecticut Constitution.

**EIGHTH COUNT**

92.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

93.     Officer Cornell and Officer May unlawfully deprived Elizabeth Edwards of rights secured to her by the Connecticut Constitution as a result of the excessive and unreasonable use of force.

94.     The conduct of Officer Cornell and Officer May was unlawful and in violation of Article First, sections 7 and 9, of the Connecticut Constitution.

95.     The personal injuries and losses complained of by Elizabeth Edwards were the direct and proximate result of said unlawful violation of Article First, sections 7 and 9, of the Connecticut Constitution.

**NINTH COUNT**

96.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

97.     Officer Cornell and Officer May forcefully restrained, threatened and touched Fabian Edwards with the intention of placing him in apprehension of imminent serious bodily harm or death.

98.     Officer Cornell and Officer May intended to touch and did in fact touch Fabian Edwards' person in an offensive and harmful manner.

99.     As a result of the conduct of Officer Cornell and Officer May, Fabian Edwards was in fact put in apprehension of imminent serious bodily harm.

100.     The conduct of Officer Cornell and Officer May constituted an assault and battery upon Fabian Edwards.

14

101.    The personal injuries and losses complained of by Fabian Edwards were the direct and proximate result of said assault and battery.

**TENTH COUNT**

102.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

103.    Officer May and Officer Baumgarten forcefully restrained, threatened and touched Kenville Edwards with the intention of placing him in apprehension of imminent serious bodily harm or death.

104.    Officer May and Officer Baumgarten intended to touch and did in fact touch Kenville Edwards' person in an offensive and harmful manner.

105.    As a result of the conduct of Officer May and Officer Baumgarten, Kenville Edwards was in fact put in apprehension of imminent serious bodily harm.

106.    The conduct of Officer May and Officer Baumgarten constituted an assault and battery upon Kenville Edwards.

107.    The personal injuries and losses complained of by Kenville Edwards were the direct and proximate result of said assault and battery.

**ELEVENTH COUNT**

108.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

109.    Officer May forcefully restrained, threatened and touched KeithMichael Mitto with the intention of placing him in apprehension of imminent serious bodily harm.

110.    Officer May intended to touch and did in fact touch KeithMichael Mitto's person in an offensive and harmful manner.

111.    As a result of the conduct of Officer May, KeithMichael Mitto was in fact put in apprehension of imminent serious bodily harm.

112.     The conduct of Officer May constituted an assault and battery upon KeithMichael Mitto.

113.     The personal injuries and losses complained of by KeithMichael Mitto were the direct and proximate result of said assault and battery.

**TWELFTH COUNT**

114.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

115.     Officer Cornell and Officer May forcefully restrained, threatened and touched Elizabeth Edwards with the intention of placing her in apprehension of imminent serious bodily harm.

116.     Officer Cornell and Officer May intended to touch and did in fact touch Elizabeth Edwards' person in an offensive and harmful manner.

117.     As a result of the conduct of Officer Cornell and Officer May, Elizabeth Edwards was in fact put in apprehension of imminent serious bodily harm.

118.     The conduct of Officer Cornell and Officer May constituted an assault and battery upon Elizabeth Edwards.

119.     The personal injuries and losses complained of by Elizabeth Edwards were the direct and proximate result of said assault and battery.

**THIRTEENTH COUNT**

120.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

121.     The conduct of Officer Cornell and Officer May was not ordinary and customary for the arrest and detention of a criminal suspect.

122.     Officer Cornell and Officer May were reckless and malicious in one or more of the following ways:

16

     a.     They arrested Fabian Edwards without legal or probable cause or justification;

     b.     They restrained Fabian Edwards without legal or probable cause or justification;

     c.     They assaulted Fabian Edwards without legal or probable cause or justification;

     d.     They each used excessive and unreasonable force against Fabian Edwards and failed or refused to act to prevent each other from using excessive and unreasonable force against Fabian Edwards;

     e.     The conduct of Officer Cornell and Officer May was done with the intent of inflicting bodily injury and without any useful purpose for the arrest and detention of a criminal suspect.

123.     The personal injuries and losses complained of by Fabian Edwards were the direct and proximate result of said recklessness or maliciousness.

**FOURTEENTH COUNT**

124.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

125.     The conduct of Officer May and Officer Baumgarten was not ordinary and customary for the arrest and detention of a criminal suspect.

126.     Officer May and Officer Baumgarten were reckless and malicious in one or more of the following ways:

     a.     They arrested Kenville Edwards without legal or probable cause or justification;

     b.     They restrained Kenville Edwards without legal or probable cause or

  justification;

  c.   They assaulted Kenville Edwards without legal or probable cause or
       justification;

  d.   They each used excessive and unreasonable force against Kenville
       Edwards and failed or refused to act to prevent each other from using
       excessive and unreasonable force against Kenville Edwards;

  e.   The conduct of Officer May and Officer Baumgarten was done with the
       intent of inflicting bodily injury and without any useful purpose for the
       arrest and detention of a criminal suspect.

127.   The personal injuries and losses complained of by Kenville Edwards were the
direct and proximate result of said recklessness or maliciousness.

**FIFTEENTH COUNT**

128.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

129.   The conduct of Officer May was not ordinary and customary for the arrest and
detention of a criminal suspect.

130.   Officer May was reckless and malicious in one or more of the following ways:

  a.   He arrested KeithMichael Mitto without legal or probable cause or
       justification;

  b.   He restrained KeithMichael Mitto without legal or probable cause or
       justification;

  c.   He assaulted KeithMichael Mitto without legal or probable cause or
       justification;

  d.   He used excessive and unreasonable force against KeithMichael Mitto;

e.      The conduct of Officer May was done with the intent of inflicting bodily injury and without any useful purpose for the arrest and detention of a criminal suspect.

131.    The personal injuries and losses complained of by KeithMichael Mitto were the direct and proximate result of said recklessness or maliciousness.

## SIXTEENTH COUNT

132.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

133.    The conduct of Officer Cornell and Officer May was not ordinary and customary.

134.    Officer Cornell and Officer May were reckless and malicious in one or more of the following ways:

a.      They assaulted Elizabeth Edwards without legal or probable cause or justification;

b.      They each used excessive and unreasonable force against Elizabeth Edwards and failed or refused to act to prevent each other from using excessive and unreasonable force against Elizabeth Edwards;

c.      The conduct of Officer Cornell and Officer May was done with the intent of inflicting bodily injury and without any useful purpose;

135.    The personal injuries and losses complained of by Elizabeth Edwards were the direct and proximate result of said recklessness or maliciousness.

## SEVENTEENTH COUNT

136.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

137.    Officer Cornell and Officer May failed to observe the ordinary and usual standard of care in the apprehension and detention of a criminal suspect.

19

138.     Officer Cornell and Officer May failed to observe the customary and ordinary use of force proportional to the resistance of a criminal suspect.

139.     Officer Cornell and Officer May were negligent in one or more of the following ways:

        f.      They arrested Fabian Edwards without probable cause;

        g.      They restrained and assaulted Fabian Edwards without justification or provocation;

        h.      They each used excessive and unreasonable force against Fabian Edwards and failed or refused to act to prevent each other from using excessive and unreasonable force against Fabian Edwards;

140.     The personal injuries and losses of which Fabian Edwards complains were the direct and proximate result of said negligence.

## EIGHTEENTH COUNT

141.      Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

142.     Officer May and Officer Baumgarten failed to observe the ordinary and usual standard of care in the apprehension and detention of a criminal suspect.

143.     Officer May and Officer Baumgarten failed to observe the customary and ordinary use of force proportional to the resistance of a criminal suspect.

144.     Officer May and Officer Baumgarten were negligent in one or more of the following ways:

        a.      They arrested Kenville Edwards without probable cause;

        b.      They restrained and assaulted Kenville Edwards without justification or provocation;

> c.   They each used excessive and unreasonable force against Kenville Edwards and failed or refused to act to prevent each other from using excessive and unreasonable force against Kenville Edwards;

145.   The personal injuries and losses of which Kenville Edwards complains were the direct and proximate result of said negligence.

## NINETEENTH COUNT

146.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

147.   Officer May failed to observe the ordinary and usual standard of care in the apprehension and detention of a criminal suspect.

148.   Officer May failed to observe the customary and ordinary use of force proportional to the resistance of a criminal suspect.

149.   Officer May were negligent in one or more of the following ways:

> a.   He arrested KeithMichael Mitto without probable cause;
>
> b.   He restrained and assaulted KeithMichael Mitto without justification or provocation;
>
> c.   He each used excessive and unreasonable force against KeithMichael Mitto;

150.   The personal injuries and losses of which KeithMichael Mitto complains were the direct and proximate result of said negligence.

## TWENTIETH COUNT

151.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

152.   Officer Cornell and Officer May were negligent in one or more of the following ways:

21

a.      They assaulted Elizabeth Edwards without justification or provocation;

b.      They each used excessive and unreasonable force against Elizabeth Edwards and failed or refused to act to prevent each other from using excessive and unreasonable force against Elizabeth Edwards;

153.    The personal injuries and losses of which Elizabeth Edwards complains were the direct and proximate result of said negligence.

**TWENTY-FIRST COUNT**

154.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

155.    Officer Cornell's and Officer May's actions constituted extreme and outrageous conduct which transcends all bounds of decency tolerated by society.

156.    Officer Cornell and Officer May intended to humiliate and cause distress and mental anguish to Fabian Edwards or should have known that emotional distress was the likely result of their conduct.

157.    Officer Cornell's and Officer May's actions were willful, wanton and reckless.

158.    As a direct and proximate result of Officer Cornell's and Officer May's actions, Fabian Edwards suffered severe emotional distress and humiliation.

**TWENTY-SECOND COUNT**

159.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

160.    Officer May's and Officer Baumgarten's actions constituted extreme and outrageous conduct which transcends all bounds of decency tolerated by society.

161.    Officer May and Officer Baumgarten intended to humiliate and cause distress and mental anguish to Kenville Edwards or should have known that emotional distress was the likely result of their conduct.

162.   Officer May's and Officer Baumgarten's actions were willful, wanton and reckless.

163.   As a direct and proximate result of Officer May's and Officer Baumgarten's actions, Kenville Edwards suffered severe emotional distress and humiliation.

## TWENTY-THIRD COUNT

164.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

165.   Officer May's actions constituted extreme and outrageous conduct which transcends all bounds of decency tolerated by society.

166.   Officer May intended to humiliate and cause distress and mental anguish to Kenville Edwards or should have known that emotional distress was the likely result of his conduct.

167.   Officer May's actions were willful, wanton and reckless.

168.   As a direct and proximate result of Officer May's actions, KeithMichael Mitto suffered severe emotional distress and humiliation.

## TWENTY-FOURTH COUNT

169.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

170.   Officer Cornell's and Officer May's actions constituted extreme and outrageous conduct which transcends all bounds of decency tolerated by society.

171.   Officer Cornell and Officer May intended to humiliate and cause distress and mental anguish to Elizabeth Edwards or should have known that emotional distress was the likely result of their conduct.

172.   Officer Cornell's and Officer May's actions were willful, wanton and reckless.

173.   As a direct and proximate result of Officer Cornell's and Officer May's actions,

Elizabeth Edwards suffered severe emotional distress and humiliation.

**TWENTY-FIFTH COUNT**

174.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

175.     Officer Cornell and Officer May engaged in conduct that they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

176.     As a direct and proximate result of Officer Cornell's and Officer May's actions, Fabian Edwards suffered emotional distress and humiliation.

**TWENTY-SIXTH COUNT**

177.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

178.     Officer May and Officer Baumgarten engaged in conduct that they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

179.     As a direct and proximate result of Officer May's and Officer Baumgarten's actions, Kenville Edwards suffered emotional distress and humiliation.

**TWENTY-SEVENTH COUNT**

180.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

181.     Officer May engaged in conduct that he should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

182.     As a direct and proximate result of Officer May's actions, KeithMichael Mitto suffered emotional distress and humiliation.

**TWENTY-EIGHTH COUNT**

183.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

184.    Officer Cornell and Officer May engaged in conduct that they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

185.    As a direct and proximate result of Officer Cornell's and Officer May's actions, Elizabeth Edwards suffered emotional distress and humiliation.

**TWENTY-NINTH COUNT**

186.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

187.    At all times relevant hereto, Officer Cornell, Officer May, and Officer Baumgarten were under the command, control, and direction of the City of Hartford Police Department and its Chief, James Rovella.

188.    Chief Rovella failed to secure to Fabian Edwards, unlawfully deprived Fabian Edwards, or caused Fabian Edwards to be unlawfully deprived of rights secured to him by the United States Constitution and  42 U.S.C. § 1983 and  1988 in one or more of the following ways:

        a.    He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by Officer Cornell, Officer May, and Officer Baumgarten;

        b.    He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

        c.    He failed or refused to promulgate and enforce guidelines, regulations,

policies, practices, procedures or customs regarding the training of Officer
Cornell, Officer May, and Officer Baumgarten in the performance of their
duties and conduct toward persons;

d.      He failed or refused to recognize the dangerous and violent propensities of
Officer Cornell, Officer May, and Officer Baumgarten and to take
corrective disciplinary or educational actions regarding such dangerous and
violent propensities;

e.      He failed or refused to recognize the emotional fatigue and stress of
Officer Cornell, Officer May, and Officer Baumgarten and to adequately
address such fatigue and stress when he knew or should have known such a
condition was likely to lead to the excessive use of force against
individuals such as Fabian Edwards.

189.    The personal injuries and losses complained of by Fabian Edwards were the direct
and proximate result of such failure by Chief Rovella.

**THIRTIETH COUNT**

190.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

191.    At all times relevant hereto, Officer Cornell, Officer May, and Officer
Baumgarten were under the command, control, and direction of the City of Hartford Police
Department and its Chief, James Rovella.

192.    Chief Rovella failed to secure to Kenville Edwards, unlawfully deprived Kenville
Edwards, or caused Kenville Edwards to be unlawfully deprived of rights secured to him by the
United States Constitution and  42 U.S.C. § 1983 and  1988 in one or more of the following
ways:

26

a.  He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by Officer Cornell, Officer May, and Officer Baumgarten;

b.  He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

c.  He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their duties and conduct toward persons;

d.  He failed or refused to recognize the dangerous and violent propensities of Officer Cornell, Officer May, and Officer Baumgarten and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

e.  He failed or refused to recognize the emotional fatigue and stress of Officer Cornell, Officer May, and Officer Baumgarten and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as Kenville Edwards.

193.  The personal injuries and losses complained of by Kenville Edwards were the direct and proximate result of such failure by Chief Rovella.

**THIRTY-FIRST COUNT**

27

194.   Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

195.   At all times relevant hereto, Officer Cornell, Officer May, and Officer Baumgarten were under the command, control, and direction of the City of Hartford Police Department and its Chief, James Rovella.

196.   Chief Rovella failed to secure to KeithMichael Mitto, unlawfully deprived KeithMichael Mitto, or caused KeithMichael Mitto to be unlawfully deprived of rights secured to him by the United States Constitution and  42 U.S.C. § 1983 and  1988 in one or more of the following ways:

a.   He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by Officer Cornell, Officer May, and Officer Baumgarten;

b.   He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

c.   He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their duties and conduct toward persons;

d.   He failed or refused to recognize the dangerous and violent propensities of Officer Cornell, Officer May, and Officer Baumgarten and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

28

e.      He failed or refused to recognize the emotional fatigue and stress of Officer Cornell, Officer May, and Officer Baumgarten and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as KeithMichael Mitto.

197.    The personal injuries and losses complained of by KeithMichael Mitto were the direct and proximate result of such failure by Chief Rovella.

**THIRTY-SECOND COUNT**

198.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

199.    At all times relevant hereto, Officer Cornell, Officer May, and Officer Baumgarten were under the command, control, and direction of the City of Hartford Police Department and its Chief, James Rovella.

200.    Chief Rovella failed to secure to Elizabeth Edwards, unlawfully deprived Elizabeth Edwards, or caused Elizabeth Edwards to be unlawfully deprived of rights secured to her by the United States Constitution and  42 U.S.C. § 1983 and  1988 in one or more of the following ways:

a.      He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

b.      He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their

29

duties and conduct toward persons;

c.    He failed or refused to recognize the dangerous and violent propensities of
Officer Cornell, Officer May, and Officer Baumgarten and to take
corrective disciplinary or educational actions regarding such dangerous and
violent propensities;

d.    He failed or refused to recognize the emotional fatigue and stress of
Officer Cornell, Officer May, and Officer Baumgarten and to adequately
address such fatigue and stress when he knew or should have known such a
condition was likely to lead to the excessive use of force against
individuals such as Elizabeth Edwards.

201.    The personal injuries and losses complained of by Elizabeth Edwards were the
direct and proximate result of such failure by Chief Rovella.

**THIRTY-THIRD COUNT**

202.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

203.    At all times relevant hereto, Officer Cornell, Officer May, and Officer
Baumgarten were under the command, control, and direction of the City of Hartford Police
Department and its Chief, James Rovella.

204.    Chief Rovella failed to secure to Fabian Edwards, unlawfully deprived Fabian
Edwards, or caused Fabian Edwards to be unlawfully deprived of rights secured to him by
Article First, sections 7 and 9, of the Connecticut Constitution in one or more of the following
ways:

a.    He failed or refused to promulgate and enforce appropriate guidelines,
regulations, policies, practices, procedures or customs regarding the arrests

30

of persons by Officer Cornell, Officer May, and Officer Baumgarten;

b.      He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

c.      He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their duties and conduct toward persons;

d.      He failed or refused to recognize the dangerous and violent propensities of Officer Cornell, Officer May, and Officer Baumgarten and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

e.      He failed or refused to recognize the emotional fatigue and stress of Officer Cornell, Officer May, and Officer Baumgarten and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as Fabian Edwards.

205.    The personal injuries and losses complained of by Fabian Edwards were the direct and proximate result of such failure by Chief Rovella.

## THIRTY-FOURTH COUNT

206.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

207.    At all times relevant hereto, Officer Cornell, Officer May, and Officer

Baumgarten were under the command, control, and direction of the City of Hartford Police Department and its Chief, James Rovella.

208.    Chief Rovella failed to secure to Kenville Edwards, unlawfully deprived Kenville Edwards, or caused Kenville Edwards to be unlawfully deprived of rights secured to him by Article First, sections 7 and 9, of the Connecticut Constitution in one or more of the following ways:

    a.    He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the arrests of persons by Officer Cornell, Officer May, and Officer Baumgarten;

    b.    He failed or refused to promulgate and enforce appropriate guidelines, regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

    c.    He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their duties and conduct toward persons;

    d.    He failed or refused to recognize the dangerous and violent propensities of Officer Cornell, Officer May, and Officer Baumgarten and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

    e.    He failed or refused to recognize the emotional fatigue and stress of Officer Cornell, Officer May, and Officer Baumgarten and to adequately

address such fatigue and stress when he knew or should have known such a
condition was likely to lead to the excessive use of force against
individuals such as Kenville Edwards.

209.    The personal injuries and losses complained of by Kenville Edwards were the
direct and proximate result of such failure by Chief Rovella.

**THIRTY-FIFTH COUNT**

210.    Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

211.    At all times relevant hereto, Officer Cornell, Officer May, and Officer
Baumgarten were under the command, control, and direction of the City of Hartford Police
Department and its Chief, James Rovella.

212.    Chief Rovella failed to secure to KeithMichael Mitto, unlawfully deprived
KeithMichael Mitto, or caused KeithMichael Mitto to be unlawfully deprived of rights secured to
him by Article First, sections 7 and 9, of the Connecticut Constitution in one or more of the
following ways:

     a.     He failed or refused to promulgate and enforce appropriate guidelines,
regulations, policies, practices, procedures or customs regarding the arrests
of persons by Officer Cornell, Officer May, and Officer Baumgarten;

     b.     He failed or refused to promulgate and enforce appropriate guidelines,
regulations, policies, practices, procedures or customs regarding the use of
force against persons by Officer Cornell, Officer May, and Officer
Baumgarten;

     c.     He failed or refused to promulgate and enforce guidelines, regulations,
policies, practices, procedures or customs regarding the training of Officer

Cornell, Officer May, and Officer Baumgarten in the performance of their

duties and conduct toward persons;

d.     He failed or refused to recognize the dangerous and violent propensities of

Officer Cornell, Officer May, and Officer Baumgarten and to take

corrective disciplinary or educational actions regarding such dangerous and

violent propensities;

e.     He failed or refused to recognize the emotional fatigue and stress of

Officer Cornell, Officer May, and Officer Baumgarten and to adequately

address such fatigue and stress when he knew or should have known such a

condition was likely to lead to the excessive use of force against

individuals such as KeithMichael Mitto.

213.     The personal injuries and losses complained of by KeithMichael Mitto were the

direct and proximate result of such failure by Chief Rovella.

**THIRTY-SIXTH COUNT**

214.     Paragraphs 1 through 67 are hereby incorporated as if recited in full herein.

215.     At all times relevant hereto, Officer Cornell, Officer May, and Officer

Baumgarten were under the command, control, and direction of the City of Hartford Police

Department and its Chief, James Rovella.

216.     Chief Rovella failed to secure to Elizabeth Edwards, unlawfully deprived

Elizabeth Edwards, or caused Elizabeth Edwards to be unlawfully deprived of rights secured to

her by Article First, sections 7 and 9, of the Connecticut Constitution in one or more of the

following ways:

a.     He failed or refused to promulgate and enforce appropriate guidelines,

34

regulations, policies, practices, procedures or customs regarding the use of force against persons by Officer Cornell, Officer May, and Officer Baumgarten;

b.      He failed or refused to promulgate and enforce guidelines, regulations, policies, practices, procedures or customs regarding the training of Officer Cornell, Officer May, and Officer Baumgarten in the performance of their duties and conduct toward persons;

c.      He failed or refused to recognize the dangerous and violent propensities of Officer Cornell, Officer May, and Officer Baumgarten and to take corrective disciplinary or educational actions regarding such dangerous and violent propensities;

d.      He failed or refused to recognize the emotional fatigue and stress of Officer Cornell, Officer May, and Officer Baumgarten and to adequately address such fatigue and stress when he knew or should have known such a condition was likely to lead to the excessive use of force against individuals such as Elizabeth Edwards.

217.      The personal injuries and losses complained of by Elizabeth Edwards were the direct and proximate result of such failure by Chief Rovella.

**THIRTY-SEVENTH COUNT**

218.      Paragraphs 1 through 67, 120 through 153, and 174 through 217 are hereby incorporated as if recited in full herein.

219.      At all times relevant hereto Officer Cornell, Officer May, and Officer Baumgarten were acting as agents and employees of the City of Hartford in the performance of ministerial

acts and duties.

220.    Officer Cornell, Officer May, and Officer Baumgarten were negligent in the performance of their ministerial acts and duties as aforesaid.

221.    At all times relevant hereto Chief Rovella was acting as an agent and employee of the City of Hartford in the performance of ministerial acts and duties.

222.    Chief Rovella was negligent in the performance of his ministerial acts or duties as aforesaid.

223.    The personal injuries and losses of which Fabian Edwards, Kenville Edwards, KeithMichael Mitto, and Elizabeth Edwards complain were the direct and proximate result of said negligence.

224.    Pursuant to C.G.S. § 7-465, a city shall pay on behalf of any employee of such municipality all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages to persons or property.

225.    Said statute requires notice to the municipality, and such notice was given by Plaintiffs through their attorneys.  Copies of such notice are attached hereto as Exhibit A.

226.    Pursuant to said statute, the City of Hartford is liable to indemnify and pay any damages to Plaintiffs for which Officer Cornell, Officer May, Officer Baumgarten, and Chief Rovella are found liable.

**THIRTY-EIGHTH COUNT**

227.    Paragraphs 1 through 67, 120 through 153, and 174 through 217 are hereby incorporated as if recited in full herein.

228.    At all times relevant hereto Officer Cornell, Officer May, and Officer Baumgarten were acting as agents and employees of the City of Hartford in the performance of ministerial

acts and duties.

229.    Officer Cornell, Officer May, and Officer Baumgarten were negligent in the performance of their ministerial acts and duties as aforesaid.

230.    At all times relevant hereto Chief Rovella was acting as an agent and employee of the City of Hartford in the performance of ministerial acts and duties.

231.    Chief Rovella was negligent in the performance of his ministerial acts or duties as aforesaid.

232.    The personal injuries and losses of which Fabian Edwards, Kenville Edwards, KeithMichael Mitto, and Elizabeth Edwards complain were the direct and proximate result of said negligence.

233.    Pursuant to C.G.S. § 7-101a, a municipality shall protect and save harmless any municipal officer, whether elected or appointed, or any board, committee, council, agency or commission, or any municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence.

234.    Said statute requires notice to the municipality, and such notice was given by Plaintiffs through their attorneys.  Copies of such notice are attached hereto as Exhibit A.

235.    Pursuant to said statute, the City of Hartford is liable to indemnify and pay any damages to Plaintiffs for which Officer Cornell, Officer May, Officer Baumgarten, and Chief Rovella are found liable.

**THIRTY-NINTH COUNT**

236.    Paragraphs 1 through 67, 120 through 153, and 174 through 217 are hereby incorporated as if recited in full herein.

237.    At all times relevant hereto Officer Cornell, Officer May, and Officer Baumgarten were acting as agents and employees of the City of Hartford in the performance of ministerial acts and duties.

238.    Officer Cornell, Officer May, and Officer Baumgarten were negligent in the performance of their ministerial acts and duties as aforesaid.

239.    At all times relevant hereto Chief Rovella was acting as an agent and employee of the City of Hartford in the performance of ministerial acts and duties.

240.    Chief Rovella was negligent in the performance of his ministerial acts or duties as aforesaid.

241.    The personal injuries and losses of which Fabian Edwards, Kenville Edwards, KeithMichael Mitto, and Elizabeth Edwards complain were the direct and proximate result of said negligence.

242.    Pursuant to C.G.S. § 52-557n, the City of Hartford is liable for any damages suffered by Plaintiffs as a result of the negligence of Officer Cornell, Officer May, Officer Baumgarten, and Chief Rovella.

WHEREFORE, the Plaintiffs claim:

1.      Monetary damages;

2.       Punitive damages;

3.      Attorney fees and costs provided by 42 U.S.C. § 1988;

4.      Indemnification pursuant to Conn. Gen. Stat. § 7-101a and 7-465; and

5.      Such other relief in law or equity as the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all issues so triable.

PLAINTIFFS


BY    /S/ Peter M. Van Dyke
        Peter M. Van Dyke, ct24747
        pvd@eddf-law.com
        Eagan, Donohue, Van Dyke & Falsey, LLP
        24 Arapahoe Road
        West Hartford, CT 06107
        Tel: (860) 232-7200
        Fax: (860) 232-0214