UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FABIAN EDWARDS, KENVILLE EDWARDS, KETHMICHAEL MITTO and ELIZABETH EDWARDS, | : : : | CIVIL ACTION NO. 3:13-CV-00878 (WWE) |
| Plaintiffs | : | |
| vs. | : : | |
| CITY OF HARTFORD, JAMES ROVELLA OFFICER MATTHEW CORNELL; CHRISTOPHER MAY AND ERIC BAUMGARTEN, | : : : : | |
| Defendants | : : | JULY 31, 2013 |

## CITY OF HARTFORD AND CHIEF OF POLICE JAMES ROVELLA'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, City of Hartford and James C. Rovella ("Defendant City and Defendant Rovella"), in the above-captioned matter, respond to the Plaintiffs' Complaint dated June 18, 2013, as follows:

## INTRODUCTION

1. These Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof.

## JURISDICTION

2-3. These Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof.

## PARTIES

4-7. These Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof.

8. Admitted.

1

9. It is admitted that the Defendant Rovella is currently employed as the Chief of Police of the Hartford Police Department and is an employee of the Defendant City of Hartford. As to the remaining allegations, these Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof. It is denied that the business address is 50 Jennings Road, Hartford, currently.

10-12. It is admitted that the Defendants Cornell, May and Baumgarten were employed as police officers with the City of Hartford. It is denied that the business address is 50 Jennings Road, Hartford, currently.

13. The Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

14-51. These Defendants have insufficient knowledge and information in which to form a belief and therefore leave Plaintiffs to their proof.

52-67. Denied.

## FIRST THROUGH TWENTY-EIGHTH COUNTS

The Defendants do not respond to the allegations contained in First through Twenty-Eighth Counts as they are not directed to them.

## TWENTY-NINTH COUNT

186. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 186 as if fully set forth herein.

187. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. The remaining allegations contained in Paragraph 187, the Defendants leave the Plaintiffs to their proof.

188-189.  Denied.

**THIRTIETH COUNT**

190. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 190 as if fully set forth herein.

191.  It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police.  As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

192-193.  Denied.

**THIRTY-FIRST COUNT**

194.  These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 194 as if fully set forth herein.

195. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

196-197.  Denied.

**THIRTY-SECOND COUNT**

198.  These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 198 as if fully set forth herein.

199.  It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

200-201.  Denied.

**THIRTY-THIRD COUNT**

202. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 202 as if fully set forth herein.

203. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

204-205. Denied.

**THIRTY-FOURTH COUNT**

206. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 206 as if fully set forth herein.

207. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

208-209. Denied.

**THIRTY-FIFTH COUNT**

210. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 210 as if fully set forth herein.

211. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

212-213. Denied.

**THIRTY-SIXTH COUNT**

214. These Defendants' responses to paragraphs 1 through 67 of the foregoing are incorporated herein by reference as their response to Paragraph 214 as if fully set forth herein.

215. It is admitted that Defendant Rovella is currently employed by the City of Hartford as its Chief of Police. As to the remaining allegations, the Defendants leave Plaintiffs to their proof.

216-217. Denied.

**THIRTY-SEVENTH COUNT**

218. These Defendants' responses to paragraphs 1 through 67, 120 through 153, and 174 through 217 of the foregoing are incorporated herein by reference as their response to Paragraph 218 as if fully set forth herein.

219. It is admitted that the Defendants Cornell, May and Baumgarten were employed as police officers with the City of Hartford. These Defendants deny the remaining allegations of the paragraph.

220 – 223. Denied.

224. What the statute provides is not an appropriate allegation in that the statute speaks for itself and therefore these Defendants do not respond. These Defendants deny any liability pursuant to this statute.

225. The Defendants deny that the notice is attached. As to the remaining allegations, the Defendants do not respond as the statute speaks for itself and is not an appropriate allegation.

226. Denied.

**THIRTY-EIGHTH COUNT**

227.  These Defendants' responses to paragraphs 1 through 67, 120 through 153, and 174 through 217 of the foregoing are incorporated herein by reference as their response to Paragraph 227 as if fully set forth herein.

228.  These Defendants admit that Officers Cornell, May and Baumgarten were employed as police officers with the City of Hartford.  These Defendants deny the remaining allegations of the paragraph.

229-232.  Denied.

233.  What the statute provides is not an appropriate allegation in that the statute speaks for itself and therefore these Defendants do not respond.  These Defendants deny any liability pursuant to this statute.

234.  The Defendants deny that the notice is attached.  As to the remaining allegations, the Defendants do not respond as the statute speaks for itself and is not an appropriate allegation.

235.  Denied.

**THIRTY-NINTH COUNT**

236.  These Defendants' responses to paragraphs 1 through 67, 120 through 153, and 174 through 217 of the foregoing are incorporated herein by reference as their response to Paragraph 236 as if fully set forth herein.

237.  These Defendants admit that Officers Cornell, May and Baumgarten were employed as police officers with the City of Hartford.  These Defendants deny the remaining allegations of the paragraph.

238-241.  Denied.

242.  Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrine of governmental discretionary immunity.

### Fourth Affirmative Defense

The Plaintiffs' claims are barred by statutory immunity pursuant to C.G.S. Section 52-557n(a)(2)(B).

THE DEFENDANTS,
City of Hartford and James C. Rovella,
Chief of Police

BY/s/Nathalie Feola-Guerrieri
Nathalie Feola-Guerrieri
Senior Assistant Corporation Counsel
Their Attorney
550 Main Street
Hartford, CT 06103
Federal Bar No. ct17217
Telephone (860) 757-9700
Facsimile (860) 722-8114
Email : feoln001@hartford.gov

## **CERTIFICATION**

      This is to certify that on this 31st day of July, 2013, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic system.  Parties may access this filing through the Court's system.

      /s/ Nathalie Feola-Guerrieri
      Nathalie Feola-Guerrieri