## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIAN EDWARDS; KENVILLE EDWARDS; KEITHMICHAEL MITTO; and ELIZABETH EDWARDS <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HARTFORD; OFFICER MATTHEW CORNELL; CHRISTOPHER MAY; and ERIC BAUMGARTEN <br><br> Defendants. | CIVIL NO.: 3:13-CV-00878-WWE <br><br><br><br><br><br><br><br><br><br><br> JULY 17, 2015 |

## PLAINTIFFS' OPPOSITION TO
## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56, Plaintiffs

oppose Defendants, Matthew Cornell, Christopher May, and Eric Baumgarten (the "Defendant

Officers"), May 28, 2015 Motion for Partial Summary Judgment (the "Motion").

### I.    BACKGROUND

Plaintiffs have brought this action is to redress the excessive and unreasonable use of force

against the Plaintiffs, Fabian Edwards, Kenville Edwards, KeithMichael Mitto, and Elizabeth

Edwards, by the Defendant Officers, in violation of the Plaintiffs' rights under the Fourth, Fifth, and

Fourteenth Amendments of the United States Constitution as enforced through 42 U.S.C. sections

1983 and 1988, and the deprivation of the Plaintiffs' liberty without the due process of law, in

violation of the Fourteenth Amendment.  Plaintiffs also assert state law claims alleging violations of

the Connecticut Constitution article first, §§ 7 and 9; assault and battery; recklessness and

maliciousness; negligence; negligent infliction of emotional distress; intentional infliction of

emotional distress; and municipal liability for the aforesaid under Connecticut General Statutes

section 52-557n.

On May 28, 2015, the Defendant Officers filed the Motion.  For the reasons and authorities set forth below, except as to those theories that Plaintiffs do not oppose, the Defendant Officers' Motion fails to demonstrate that no genuine dispute as to all material facts exists and that they are entitled to judgment as a matter of law, and, therefore, should be denied.

## II.   FACTS

On June 14, 2012, Plaintiffs resided in a three family apartment building located at 234 Franklin Avenue, Hartford, CT (the "Premises"). See, Exh A., Deposition of Fabian Edwards ("Exh. A"), pp. 48-51.

On said date, Fabian Edwards exited the Premises and began to walk across Bond Street in Hartford, CT towards Paulino Grocery Store, which was located at the corner of Franklin Avenue and Bond Street. Exh A, p 62-63.  On said date, Officer Cornell and Officer May and other uniformed officers were on a directed patrol at the corner of Franklin Avenue and Bond Street. Exh. B, Deposition of Matthew Cornell ("Exh. B"), pp. 32-37.  About two feet prior to entering Paulino Grocery Store, Fabian Edwards stopped, took out his cellular telephone, and began scrolling for his wife's telephone number on his phone.  Exh A, pp. 74-75.  Officer Cornell told Fabian Edwards to go into the store.  Exh A, p 75.  Fabian Edwards began to open the front door of Paulino Grocery Store, and Officer Cornell then proceeded to suddenly, without provocation, and without warning, shove him through the open front door of Paulino Grocery Store.  Exh A, pp. 75-77.

Thereafter, Fabian Edwards exited Paulino Grocery Store, walked across Bond Street back to the Premises, and hopped over the chain link fence that surrounded the Premises. Exh A, pp. 81-82.  While on the Premises, Fabian Edwards asked Officer Cornell, why he pushed him.  Exh

A, p 85.  Officer Cornell did not respond.  Exh A, p. 85.  Fabian Edwards repeated his question to Officer Cornell.  Exh A, p. 85.  Officer Cornell then approached Fabian, put his face about 3 inches away from his face, spit in Fabian's face, and said he could do what the fuck he wanted. Exh A, p. 85, 89-90.

Observing Fabian from the front porch of the Premises, Elizabeth Edwards told Fabian Edwards to come inside the first floor apartment, which he did.  Exh. C., Deposition of Elizabeth Edwards ("Exh. C"), p. 46.  Officer Cornell and Office May then proceeded to enter the Premises through the front gate, walked up onto the apartment building's front porch, and asked Fabian Edwards to produce identification.  Exh A., pp. 93-96.  Elizabeth Edwards told Fabian Edwards to give her his license. Exh C., p. 41.

At that time and place, Kenville Edwards came around the corner of the apartment on the Premises and asked what Fabian had done.  Exh. D, Deposition of Kenville Edwards ("Exh. D"), pp. 81-82.  Thereafter, Officer May suddenly, without provocation, and without warning, put him in a choke hold such that he was unable to breath, putting Kenville's hand behind his back, and sprayed him with pepper spray.  Exh. D., pp. 86-87, 90; Exhibit E, Deposition of KeithMichael Mitto ("Exh. E"), p. 43.  Exhibit F, Deposition of Christopher May ("Exh. F"), pp. 51-52, 59.

At that time and place, KeithMichael Mitto walked down the stairs from the third floor of the apartment.  Exh. E, pp. 42-43.  At that time and place, Officer May suddenly, without provocation, and without warning, sprayed KeithMichael Mitto with pepper spray, and punched him.  Exh. E, p. 45-46, Exh. F, p. 59; Exhibit G, Deposition of Catherina Gosling-Powell ("Exh. G"), pp. 33-34; Exh. F, pp. 20.

Blinded by the pepper spray applied by Officer May, Kenville Edwards and KeithMichael Mitto went up the stairs to the third floor of the apartment building, and began to flush their eyes

with water.  Exh. D, p. 90-92; Exh. E, p. 47.

At the same time, Officer Cornell suddenly, without provocation, and without warning, began punching Fabian Edwards, kicking him, beating him, pummeling him, pulling his hair, and using his taser on him.  Exh. A., pp. 107-124; Exh. B, p. 67.  Officer Cornell also suddenly, without provocation, and without warning, shoved Elizabeth Edwards and used his taser on her. Exh. C, pp 49-50; Exh. B, p. 67.

After Kenville Edwards and KeithMichael Mitto went up the apartment building stairs to flush their eyes, Officer May suddenly, without provocation, and without warning, began punching Fabian Edwards, kicking him, beating him, pummeling him, and spraying him with pepper spray.  Exh. A., pp. 107-124, Exh. F, pp. 64, 66.  Officer May also suddenly, without provocation, and without warning, shoved Elizabeth Edwards and sprayed her with pepper spray. Exh. C, pp 50, Exh. F, p. 66.

Thereafter, Officer May and Officer Baumgarten ran up the apartment stairs, entered the third floor apartment, and suddenly, without provocation, and without warning, began punching Kenville Edwards and kicking him until he became unconscious.  Exh. D., pp 97-99, Exhibit G, pp. 22, 41-42.

As a result of the incident with the police on June 14, 2012, Fabian Edwards suffered physical and emotional injuries including severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body; shocks to his body and nervous system caused by the use of a taser; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience, humiliation, embarrassment, and severe terror, fright and emotional distress.  Exhibit H, Fabian Edwards' Amended Responses to Defendant, Matthew Cornell's Interrogatories and Requests for

4

Production, ("Exh. H"), Interrogatory ## 6 and 8, Exh. A, pp. 145-152.

As a result of the incident with the police on June 14, 2012, Kenville Edwards suffered physical and emotional injuries including head trauma, severe wrenching of his neck, shoulders, and back involving the joints, ligaments, soft tissues, nerves and blood vessels in said areas; contusions to his body; lacerations; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress.  Exhibit I, Kenville Edwards' Amended Responses to Defendant, Matthew Cornell's Interrogatories and Requests for Production ("Exh. I"), Interrogatory ## 6 and 8, Exh. D, pp. 109-120, 125-126.

As a result of the incident with the police on June 14, 2012, KeithMichael Mitto suffered physical and emotional injuries including burning from the use of pepper spray, eye damage, head and eye pain; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress. Exhibit J, KeithMichael Mitto's Amended Responses to Defendant, Matthew Cornell's Interrogatories and Requests for Production ("Exh. J"), Interrogatory ## 6 and 8, Exh. E, pp. 53, 57-60.

As a result of the incident with the police on June 14, 2012, Elizabeth Edwards suffered physical and emotional injuries including shocks to her body and nervous system caused by the use of a taser; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress.  Exhibit K, Elizabeth Edward's Amended Responses to Defendant, Matthew Cornell's Interrogatories and Requests for Production ("Exh. K"), Interrogatory ## 6 and 8, Exh. C, pp. 31-34, 49-50.

## III.    LEGAL STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact as a matter of law." Fed.R.Civ.P. 56(c).  "No genuine issue of material fact exists and summary judgment is therefore appropriate when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  Pacific Capital Bank, N.A. v. Connecticut, 2006 WL 2331075, *3 (D. Conn.)(internal quotations and citations omitted). "A fact is material if it might affect the outcome of the suit under governing law and an issue is disputed or genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "However, [c]onclusory allegations will not suffice to create a genuine issue."  Id.  "The moving party bears the burden of establishing that summary judgment is appropriate.  Id.  "All reasonable inferences are drawn against the moving party."  Lopez v. Orlor, Inc., 176 F.R.D. 35, 41 (D. Conn. 1997).

## IV.    ARGUMENT

### A.    Plaintiffs' Fifth Amendment Claims

Plaintiffs acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the First Count: the Fifth Amendment *Miranda* violation only; in the Second Count: the Fifth Amendment *Miranda* violation only; in the Third Count: the Fifth Amendment *Miranda* violation only; and in the Fourth Count: the Fifth Amendment *Miranda* violation only.  They, therefore, do not object to summary judgment limited to these theories only.

### B.    Plaintiffs' Fourteenth Amendment Claims

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the First Count: the 14th

Amendment violation only; in the Second Count: the 14th Amendment violation only; in the Third

Count: the 14th Amendment violation only.  They, therefore, do not object to summary judgment

limited to these theories only.

However, because the Defendant Officers' did not use excessive force on Elizabeth Edwards

in the course of an arrest, investigatory stop, or other seizure on her, the Fourteenth Amendment, not the

Fourth Amendment, applies to her claims.  Accordingly, the Defendant Officers' Motion should be

denied as to Elizabeth Edwards' First Count: Fourteenth Amendment claim.  See e.g. Tierney v.

Davidson, 133 F.3d 189 (2d Cir. 1998).   To the extent that the Court were to determine that the

Fourth Amendment, not the Fourteenth Amendment, applies to Elizabeth Edwards' excessive force

claims, she would acknowledge that, as a matter of law, she will not prevail on her claim alleged in

the Fourth Count: the 14th Amendment violation only, and would not object to summary judgment

limited to that theory only.

### C. Plaintiffs' Official Capacity Claims

Plaintiffs' claims against the Defendant Officers are not redundant or duplicative of their

claims against the City of Hartford. The claims against the City of Hartford are only for damages

and indemnification pursuant to C.G.S. Section 7-101a, C.G.S. Section 7-465, and C.G.S. Section

52-557n. Therefore, the Motion should be denied based on this theory.  Odom v. Matteo, 772 F.

Supp. 2d 377 (D. Conn. 2011).

### D. Fabian Edwards, Kenville Edwards, and KeithMichael Mitto's Fourth Amendment False Arrest and Malicious Prosecution Claims

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that,

as a matter of law, they will not prevail on the following claims alleged: in the First Count: the

Fourth Amendment False Arrest and Malicious Prosecution claims only; in the Second Count: the

Fourth Amendment False Arrest and Malicious Prosecution claims only; in the Third Count: the

Fourth Amendment False Arrest and Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

     **E.**    **KeithMichael Mitto's and Elizabeth Edwards Fourth Amendment Excessive Force Claims**

     The Defendant Officers have moved for partial summary judgment as to KeithMichael Mitto's and Elizabeth Edwards' Fourth Amendment excessive force claims based on the sole theory that they "sustained de minimis injuries as a result of the subject incident, and therefore, the alleged use of force was not 'objectively serious or harmful enough to be actionable'[1]." See Motion, II.E., p. 11. The Defendant Officers' argument is legally and factually flawed, and should be denied.  First, both this Court and the Second Circuit has held that de minimis injurie are compensable in excessive force claims. Sharnick v. D'Archangelo, 935 F. Supp. 2d 436, 448 (D. Conn. 2013) ("Importantly, [excessive force] case law focuses on whether the force used was *de minimis*, rather than whether the alleged injury was *de minimis*.  In fact, the second circuit has reasoned that 'a litigant is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury.'" (citations omitted); see also Hayes v. N.Y.C. Police Dept., 212 Fed. Appx. 60, 61 (2d Cir. Jan. 16, 2006).

     Second, even if this Court required Plaintiffs to show they suffered more than de minimis injuries, there is a factual dispute as to whether KeithMichael Mitto's and Elizabeth Edwards' injuries are de minimis.  KeithMichael Mitto suffered physical and emotional injuries including burning from the use of pepper spray, eye damage, head and eye pain; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress. Exhibit J, Interrogatory ## 6 and 8,

---

[1] Although not argued by the Defendant Officers as a basis for the Court granting summary judgment as to KeithMichael Mitto's and Elizabeth Edwards' Fourth Amendment excessive force claims, to the extent that they intend to argue that the Fourth Amendment excessive force claims also fail as a matter of law because the force used was de minimis, this argument should also be rejected because there is a factual dispute as to whether the force used was excessive or not. See Section II.

Exh. E, pp. 53, 57-60. Similarly, as a result of the incident with the police on June 14, 2012, Elizabeth Edwards suffered physical and emotional injuries including shocks to her body and nervous system caused by the use of a taser; burning from the use of pepper spray, chronic and severe pain, throbbing, soreness, stiffness and disability; inconvenience and humiliation, embarrassment, and severe terror, fright and emotional distress.  Exhibit K, Interrogatory # 6 and 8, Exh. C, pp. 31-34, 49-50.

**F.**    **Plaintiffs' Negligence and Negligent Infliction of Emotional Distress Claims**

**1.    There Is A Factual Dispute As To Whether The Defendant Officers' Conduct Was Negligent or Intentional**

Plaintiffs have adequately alleged the required elements of negligence and negligent infliction of emotional distress claims against the Defendant Officers, and Section II sets forth sufficient facts to support these elements – both as to liability and as to damages.  See also Complaint, Counts 17 – 20, 25-28.  While Plaintiffs contend that the Defendant Officers' conduct was intentional in nature, Plaintiffs are permitted to plead in the alternative.  See Johnson v. Schmitz, 119 F. Supp. 2d 90, 101 (D. Conn. 2000).   If the fact finder determines that the Defendant Officer's conduct was not intentional, it may still find that their conduct satisfies the required elements of Plaintiffs' negligence and negligent infliction of emotional distress claims.  By way of a two examples, a jury could find that (1) Officer Cornell was negligent when using his taser on Fabian Edwards and Elizabeth Edwards; or that (2) Officer May was negligent when using pepper spray on Kenville Edwards, KeithMichael Mitto, Fabian Edwards, and Elizabeth Edwards.  Surely, if the allegations in these Counts are proved at trial, the jury will be well justified in awarding damages to Plaintiffs for the Defendant Officers' negligence and negligent infliction of emotional distress.

**2.    The Defendant Officers Are Not Entitled To Governmental Immunity**

Plaintiffs' negligence claims against the Defendant Officers are not barred by the doctrine of

governmental immunity because Plaintiffs were identifiable victims subject to imminent harm.  One

of the three exceptions to governmental immunity for discretionary acts is "where the circumstances

make it apparent to the public officer that his or her failure to act would be likely to subject an

identifiable person to imminent harm." Evon v. Andrews, 211 Conn. 501 (Conn. 1989).  The imminent

harm exception can apply in the excessive force context where the harm to an identifiable person is so

imminent as to create a duty of care. Belanger v. City of Hartford, 578 F. Supp. 2d 360, 367 (D. Conn.

2008) (finding imminent harm exception applicable in case where police officer struck individual with

baton); Carey v. Maloney, 480 F. Supp. 2d 548, 560 (D. Conn. 2007) (finding imminent harm exception

applicable in case where police officers used pepper spray on individual); Taylor v. City of Middletown,

436 F. Supp. 2d 377, 388 (D. Conn. 2006); Keeney v. City of New London, 196 F. Supp. 2d 190, 202

(D. Conn. 2002); Roguz v. Walsh, 2012 U.S. Dist. LEXIS 172644 (D. Conn., Melancon, J.), Odom v.

Matteo, 772 F. Supp. 2d 377, 395 (D. Conn. 2011).

     Here, Plaintiffs were all clearly identifiable individuals to the Defendant Officers, and Plaintiffs

were put at risk of imminent harm by their conduct.  Because the Defendant Officers' actions

subjected an identifiable victim to a risk of imminent harm, they are not immune from the harm that

follows from those actions.

> **3.    Fabian Edwards, Kenville Edwards, and KeithMichael Mitto's
>         Negligence and Negligent Infliction of Emotional Distress Claims Based on
>         Their False Arrest and Malicious Prosecution Claims**

     Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that,

as a matter of law, they will not prevail on the following claims alleged: in the Seventeenth Count:

the Negligence claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims

only; in the Eighteenth Count: the Negligence claim to the extent it relies upon the False Arrest and

Malicious Prosecution claims only; in the Nineteenth Count: the Negligence claim to the extent it

relies upon the False Arrest and  Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the Twenty-Fifth Count: the Negligent Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and Malicious Prosecution claims only; in the Twenty-Sixth Count: the Negligent Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only; in the Twenty-Seventh Count: the Negligent Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

### 4.     De Minimis Injuries Are Compensable Damages In Negligence And Negligent Infliction of Emotional Distress Claims

The Defendant Officers' Motion should also be denied as to KeithMichael Mitto's and Elizabeth Edwards' negligence claims based upon the use of force for two reasons.  First, the Defendant Officers have cited no authority that KeithMichael Mitto and Elizabeth Edwards cannot prevail under their negligence or negligent infliction of emotional distress claims, even if they only suffered de minimis injuries.  Second, there is a factual dispute whether or not they sustained de minimis injuries.

### G.     Plaintiffs' Connecticut Constitution Claims

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the Fifth Count: the Connecticut Constitution False Arrest and Malicious Prosecution claims only; in the Sixth Count: the Connecticut Constitution False Arrest and Malicious Prosecution claim sonly; in the Seventh

Count: the Connecticut Constitution False Arrest and Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

The Defendant Officers' Motion should be denied as to KeithMichael Mitto's and Elizabeth Edwards' excessive force claims under the Connecticut Constitution for two reasons.  First, the Defendant Officers' have cited no authority that KeithMichael Mitto and Elizabeth Edwards cannot prevail under their Connecticut Constitution excessive force claims, even if they only suffered de minimis injuries.  Second, there is a factual dispute whether or not they sustained de minimis injuries.

**H.     Plaintiffs' Recklessness and Intentional Infliction Of Emotional Distress Claims**

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the Thirteenth Count: the Recklessness claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only; in the Fourteenth Count: the Recklessness claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only; in the Fifteenth Count: the Recklessness claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

Plaintiffs, Fabian Edwards, Kenville Edwards, and KeithMichael Mitto, acknowledge that, as a matter of law, they will not prevail on the following claims alleged: in the Twenty-First Count: the Intentional Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and Malicious Prosecution claims only; in the Twenty-Second Count: the Intentional Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and Malicious  Prosecution claims only; in the Twenty-Third Count: the Intentional Infliction of Emotional Distress claim to the extent it relies upon the False Arrest and  Malicious Prosecution claims only.  They, therefore, do not object to summary judgment limited to these theories only.

The Defendant Officers' Motion should be denied as to KeithMichael Mitto's and Elizabeth Edwards' recklessness and intentional infliction of emotional distress clams for three reasons.  First, the Defendant Officers have cited no authority that that KeithMichael Mitto and Elizabeth Edwards cannot prevail under their recklessness and intentional infliction of emotional distress claims, even if they only suffered de minimis injuries.  Second, there is a factual dispute whether or not they sustained de minimis injuries.  Finally, there is also a factual dispute as to whether or not KeithMichael Mitto suffered emotional injuries as a result of the Defendant Officers' conduct.

I.      **KeithMichael Mitto's and Elizabeth Edwards Assault and Battery Claims**

The Defendant Officers' Motion should be denied as to KeithMichael Mitto's and Elizabeth Edwards' assault and battery claims.  First, the Defendant Officers have cited no authority that that KeithMichael Mitto and Elizabeth Edwards cannot prevail under their assault and battery claims, even if they only suffered de minimis injuries.  Second, there is a factual dispute whether or not they sustained de minimis injuries.

V.      **CONCLUSION**

For the reasons and authorities set forth above, the Court should deny the Defendant Officer's Motion for Partial Summary Judgment, except as to those theories unopposed by Plaintiffs.

Respectfully submitted,

PLAINTIFFS

/s/Peter M. Van Dyke
Peter M. Van Dyke, ct24747
pvd@eddf-law.com
Eagan, Donohue, Van Dyke & Falsey, LLP
24 Arapahoe Road
West Hartford, CT 06107
P: 860-232-7200
F: 860-232-0214

## CERTIFICATION

I hereby certify that on July 17, 2015 a copy of the foregoing was filed electronically and served by regular mail, postage prepaid, on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A courtesy copy was mailed on July 17, 2015 to:

The Honorable Warren W. Eginton
United States Courthouse
915 Lafayette Boulevard - 2nd Floor Annex
Bridgeport, Connecticut 06604

/s/ Peter M. Van Dyke
Peter M. Van Dyke