UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FABIAN EDWARDS, KENVILLE :
EDWARDS, KEITHMICHAEL MITTO :
and ELIZABETH EDWARDS, :
      Plaintiffs, :
 :
v. : No. 3:13-cv-878 (WWE)
 :
CITY OF HARTFORD, JAMES :
ROVELLA, OFFICER MATTHEW :
CORNELL, OFFICER CHRISTOPHER :
MAY, and OFFICER ERIC :
BAUMGARTEN, :
      Defendants. :

**RULING ON DEFENSE MOTIONS FOR SUMMARY JUDGMENT**

In their thirty-nine-count complaint, plaintiffs Fabian Edwards, Kenville Edwards, KeithMichael Mitto, and Elizabeth Edwards allege several civil rights violations pursuant to 42 U.S.C. § 1983 against the City of Hartford, Chief James Rovella, and Officers Matthew Cornell, Christopher May and Eric Baumgarten.[1]

The complaint alleges that defendants violated plaintiffs' Fifth Amendment rights based on Miranda violations; Fourteenth Amendment rights; and Fourth Amendment rights. Plaintiffs also allege state law claims of violations of the Connecticut Constitution, assault and battery, recklessness and maliciousness, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and municipal liability pursuant to Connecticut General Statutes § 52-557n and for indemnification.

The defendant officers filed a motion for partial summary judgment on certain of the claims against them; defendant City of Hartford moved for summary judgment on

---

[1] Pursuant to a stipulation of dismissal, all counts and claims have been dismissed against Chief Rovella.

1

the plaintiffs' claims for municipal liability pursuant to state law. For the following reasons, the defendant officers' motion for summary judgment will be granted in part and denied in part; and the City of Hartford's motion for summary judgment will granted in part and denied in part.

## I.  BACKGROUND

The parties have submitted statements of facts with evidentiary exhibits and affidavits that reveal the following factual background.

On June 14, 2012, Hartford Police officers executed a search warrant at 18 Bond Street in Hartford, Connecticut. Officers Cornell and May secured the intersection of Bond Street and Franklin Avenue. Their marked police cruiser was parked at the intersection of these streets. Four to five police cruisers blocked off Bond Street.

At the same time, plaintiffs were located at the apartments of a building at 234 Franklin Avenue. The building has two entrances to access the apartments. The left hand door provides the entry to the second and third floor apartment, and the right hand door provides entry to the first floor apartment, where Elizabeth Edwards resided.

A bicycle rider who was popping wheelies down Bond Street. A police officer approached the bicycle rider, asked him what he was doing and then placed him in the rear of the police cruiser parked at the intersection of Bond Street and Franklin Avenue. Family members of the individual in the rear of the police car walked over to the police cruiser and questioned Officers May and Cornell.

Fabian Edwards, who wanted to get a beer, walked towards Paulino's Grocery store, which is adjacent to where the police cruiser was parked. As he walked by the

cruiser, he asked the individual who was in the rear of cruiser if he was okay.  Officers Cornell and May told the crowd of people to disperse or they would be arrested.

Fabian Edwards stopped about two feet before entering the store.  An officer approached him and told him to go into the store.  Fabian Edwards answered that he was going into the store.   Fabian Edwards claims that an officer pushed him into store after he opened the door.  He asserts that he jumped forward as a result of the push, but he did not fall down or strike anything in the store as a result of the push.  Later, Fabian Edwards exited the store and walked across Bond Street, jumped the chain link fence surrounding 234 Franklin Avenue and shouted to Officers Cornell and May, "Why the fuck did you push me?"

The officers looked at him and then away.  Fabian Edwards shouted, "Why did you put your hands on me?"  Officers Cornell and May walked over to him.  After an exchange of words, Fabian Edwards stated, "You don't intimidate me."  Officers Cornell and May then walked through the front gate of the 234 Franklin property and onto the front stoop.  Officer Cornell asked for Fabian Edwards's identification.

At approximately this time, Kenville Edwards came around the left corner of the house towards the front porch.  Defendants assert that a struggle ensued between Kenville Edwards and Officer May, and between Fabian Edwards and Officer Cornell.  Fabian Edwards was subsequently tased and subjected to OC spray.  Fabian Edwards was then taken into custody.

Elizabeth Edwards, who had been in close proximity to Fabian Edwards, felt the immediate shock from the taser and burning from the OC spray.  By the next day, the effects of the OC spray had resolved.

Mitto arrived on the scene to see what was going on. Officer May directed OC spray in the direction of both Kenville Edwards and Mitto. Kenville Edwards then closed the left-side door, and he and Mitto went upstairs to the third floor apartment. Officers May and Eric Baumgarten proceeded to the third floor apartment where they placed Mitto and Kenville Edwards in custody.

Mitto and Fabian and Kenville Edwards were arrested for interfering with an officer in violation of Connecticut General Statutes, Section 53a-167a and assault on a police officer in violation Section 53-167c. They each performed community service in exchange for having their criminal charges nolled.

Elizabeth Edwards was not arrested.

## II.  DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then

summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

### A.    Fifth Amendment Claims

Defendants assert that they are entitled to summary judgment on plaintiffs' claims pursuant to the Fifth Amendment because there is no civil cause of action for Miranda violations.  Plaintiffs concede that summary judgment should be granted on this claim.

### B.    Fourteenth Amendment Claims

Defendants argue that summary judgment should enter on the Fourteenth Amendment substantive due process claims because the Fourth Amendment provides an explicit textual source of protection.

State action violates substantive due process rights where it is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Londardi v. Whitman, 485 F.3d 73, 79 (2d Cir. 2007).  "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266 (1994).

Plaintiffs agree that the Fourth Amendment governs the claims asserted by Fabian Edwards, Kenville Edwards and Mitto, who were all arrested by the defendant officers.  However, Elizabeth Edwards was not arrested or otherwise seized.  In such instances, her claim for excessive force falls outside the Fourth Amendment and is

governed by substantive due process.  Argro v. Osborne, 2015 WL 1446427, *5 (N.D.N.Y. 2015) (citing cases).

### C. Fourth Amendment Claims for False Arrest and Malicious Prosecution

Defendants maintain that the Fourth Amendment claims for false arrest and malicious prosecution fail because plaintiffs did not receive favorable termination of their criminal charges.  Plaintiffs agree that summary judgment should be granted on these claims.

### D. Official Capacity Claims

Defendants assert that the official capacity claims are redundant of the claims against the City of Hartford.  The Court agrees that federal claims against the officers in their official capacities are the same as a claim against a municipality pursuant to Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690 (1978).   The proof required and resulting damages of official capacity and municipal liability claims are indistinguishable, and  district courts have dismissed such duplicative claims because they provide a plaintiff with no additional relief than that provided by the claim asserted against a municipality.  See Demski v. Town of Enfield, 2015 WL 4478401, *2 (D. Conn. 2015).  Plaintiffs have stipulated to dismissal of all claims against Chief Rovella, and they maintain that their counts against the City of Hartford are limited to claims for damages and indemnification pursuant to state law.  In light of plaintiffs' failure to allege that City of Hartford is liable for the federal claims, the Court will not dismiss the official capacity claims as duplicative.  However, the Court recommends that plaintiffs consider whether they intend to assume the burden of proof for such official capacity claims.

### E.      Excessive Force Claims of Mitto and Elizabeth Edwards

Defendants argue that the excessive force claims asserted by Mitto and Elizabeth Edwards fail as matter of law because they involve de minimis injuries. Defendants characterize the following as de minimis: Relevant to Elizabeth Edwards, an immediate shock from the taser and burning from the OC spray lasting until the next day when it completely resolved; and relevant to Mitto, a burning sensation from the OC spray lasting approximately a week and a half, and a pain in the head that resolved the next day. The Court must consider the Fourth Amendment and substantive due process standards applicable to Mitto's and Elizabeth Edwards's claims of excessive force claims, respectively.

Under the Fourth Amendment, a claim by a citizen that law enforcement officials used excessive force is reviewed under "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). To determine whether excessive force occurred, the Court considers the "objective reasonableness" of a particular use of force by a police officer, the Court balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake." Graham, 490 U.S. at 396. This analysis requires careful attention to the individual circumstances present, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

To determine whether the use of force violated the plaintiff Elizabeth Edwards's substantive due process rights, the Court must determine whether the force used "shocks the conscience" by considering the following factors: "[1] the need for the

application of force, [2] the relationship between the need and the amount of force that was used, [3] the extent of injury inflicted, and [4] whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Tierney v. Davidson, 133 F.3d 189, 199 (2d Cir. 1998). "If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe." Robison v. Via, 821 F.2d 913, 924 (2d Cir.1987).

Courts have held that an injury is de minimis when it is temporary or minor in severity such as short-term swelling, brief numbness from tight handcuffing or superficial scratches. Regels v. Giardono, 2015 WL 3901764, *20 (N.D.N.Y. 2015). However, the fact that a plaintiff sustained no serious long lasting harm is not dispositive of an excessive force claim. McGrew v. Holt, 2015 WL 736614, *6 (N.D.N.Y. 2015). But if the force used was excessive, courts have allowed plaintiffs to recover despite a lack of permanent or severe injury. See, e.g., Argro, 2015 WL 1446427, at *6 (push into washing machine causing bruising could constitute excessive force under substantive due process standards). Here, plaintiffs may demonstrate that the defendants' use of the taser and OC spray represented an unreasonable use force in light of the circumstances. The question of whether the amount of force used was excessive force remains a question for the jury. Accordingly, the Court will deny summary judgment on these claims.

### F.    Negligence and Negligent Infliction of Emotional Distress

Defendants argue that plaintiffs' claims sounding in negligence fail because the allegations and evidence support only intentional conduct.  Defendants assert further that governmental immunity bars such claims.

This Court and other district courts have held that a plaintiff may not prevail on a negligence claim when he or she has brought claims of intentional use of excessive force and intentional infliction of emotional distress.  Frappier v. City of Waterbury, 2008 WL 4980362, *3 (D. Conn. 2008).  The Court will grant the motion for summary judgment on claims sounding in negligence asserted by Fabian Edwards and Kenville Edwards.  However, the officers' conduct with regard to Elizabeth Edwards and Mitto may implicate a breach of the duty of care. Thus, the Court will consider whether the negligence claims asserted by Elizabeth Edwards and Mitto are barred by governmental immunity.

A municipal employee enjoys qualified immunity from tort liability based on unintentional conduct related to the performance of governmental or discretionary acts. See Elliot v. City of Waterbury, 245 Conn. 385, 411 (1998).  "The hallmark of a discretionary act is that it requires the exercise of judgment." Lombard v. Edward J. Peters, Jr. P.C., 252 Conn. 623, 628 (2000).  The manner in which a police officer makes an arrest, including when to use force, is a discretionary act.  See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 180-181 (1988) (policing community and investigating those who break the law is discretionary function).

However, exceptions exist to discretionary act immunity where a public official's duty to act is clear and unequivocal.  Shore v. Stonington, 187 Conn. 147, 153 (1982).

Liability may be imposed for a discretionary act where the circumstances make it apparent that a public officer's failure to act would likely subject an identifiable person to imminent harm.  Doe v. Petersen, 279 Conn. 607, 615 (2006).  Here, plaintiffs invoke this identifiable person exception to discretionary immunity.  In Doe, the Connecticut Supreme Court set forth that this exception requires "(1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm." Id. at 616. "[T]he proper standard for determining whether a harm was imminent is whether it was apparent to the municipal defendant that the dangerous condition was so likely to cause harm that the defendant had a clear and unequivocal duty to act immediately to prevent the harm." Haynes v. Middletown, 314 Conn. 303, 322-23 (2014).

    Defendants assert that this exception is limited to intances predicated upon a failure to act.  However, courts within this district have applied the identifiable person-imminent harm exception in the context of excessive force claims based on affirmative acts.  Crawford v. City of New London, 2014 WL 186417, *13 ( D. Conn. 2014).  In this instance, plaintiffs are at least arguably identifiable victims of the alleged harms caused by the asserted excessive force.   Disputed issues of fact relevant to the officers' conduct and resulting harm preclude summary judgment on whether the identifiable person exception applies to bar the negligence claims.

    However, the Court will grant summary judgment on Mitto's claim of negligent infliction of emotional distress.  In Connecticut, a plaintiff must prove that a defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress, plaintiff's distress was foreseeable, the emotional distress was severe enough that it

might result in illness or bodily harm, and defendant's conduct was the cause of the plaintiff's distress. Olson v. Burlington-Bristol Health Dist., 87 Conn. App. 1, 5 (2005). Summary judgment in favor of the defense is appropriate because, during his deposition, Mitto admitted that he had not experienced any emotional problems as a result of the incidents alleged in this case.

Accordingly, summary judgment will be denied on the claim of negligence asserted by Elizabeth Edwards and Mitto; and it will be denied on the claim of negligent infliction of emotional distress asserted by Elizabeth Edwards but will be granted on Mitto's claim of emotional distress. [2]

### G. Claims Under the Connecticut Constitution[3]

The Connecticut Supreme Court has recognized a private right of action for money damages stemming from violations of Article I §§ 7, 9 of the Connecticut Constitution, which prohibit unreasonable searches and seizures and unlawful arrests or detentions. Binette v. Sabo, 244 Conn. 23, 33 (1988). However, Connecticut state courts have limited the private right of action to circumstances involving egregious violations. Bauer v. City of Hartford, 2010 WL 4429697, at *12 (D. Conn. 2010). In Martin v. Brady, the Connecticut Appellate Court found that plaintiff had not alleged sufficiently egregious conduct where plaintiff complained that state officers had entered his home without a valid search warrant, pushed him to the ground, and smashed the windows and doors of his house. 64 Conn. App. 433, 441 (2001). Here, the Court finds that the circumstances and alleged injuries to plaintiff Elizabeth Edwards and Mitto do

---

[2]Plaintiffs concede that they cannot prevail on their negligence claims to the extent that such claims are predicated on allegations of false arrest and malicious prosecution.
[3]Plaintiffs recognize that they cannot prevail on the claims of false arrest and malicious prosecution pursuant to the Connecticut Constitution.

not raise an inference of egregious conduct sufficient for a violation of the Connecticut Constitution.

### H. Reckless and Intentional Conduct[4]

Defendants argue that summary judgment should enter on plaintiffs' claims of recklessness, intentional infliction of emotional distress, and assault and battery. Specifically, defendants assert that the de minimis injuries sustained by Elizabeth Edwards and Mitto do not give rise to liability.

#### a. Recklessness

Recklessness requires a "reckless disregard of the just rights or safety of others or of the consequences of the action." Dubay v. Irish, 207 Conn. 518, 532 (1988). Recklessness involves "an extreme departure from ordinary care." Martin v. Brady, 261 Conn. 372, 379 (2002). In light of the factual disputes concerning the circumstances that resulted in the alleged injuries and the extent of such injuries, the Court will deny summary judgment on the claims of recklessness. A reasonable jury could determine that the officers' conduct involved an extreme departure from ordinary care.

#### b. Intentional Infliction of Emotional Distress

To prevail on a claim of intentional infliction of emotional distress, a plaintiff must establish (1) that defendants intended to inflict emotional distress or knew or should have known that their conduct would likely result in emotional distress; (2) that the conduct was extreme and outrageous; (3) that the conduct in question was the cause of plaintiff's distress; and (4) that the emotional distress experienced by plaintiff was severe. Appleton v. Board of Education of Town of Southington, 254 Conn. 205, 210

---

[4] Plaintiffs recognize that they cannot predicate any claims of recklessness or intentional infliction of emotional distress on the claims of false arrest and malicious prosecution.

12

(2000).  Reasonable minds could disagree about whether the officers' action were sufficiently extreme and outrageous to support liability.  <u>Jackson v. Town of Bloomfield</u>, 2015 WL 1245850, *16 (D. Conn. March 18, 2015).  Thus, the Court cannot grant summary judgment on the intentional infliction of emotional distress claims on the basis that plaintiff's injuries are <u>de minimis</u>.  However, summary judgment will be granted as to Mitto in light of his admission that he had not experienced any emotional problems as a result of the incidents alleged in this case.

    c.    <u>Assault and Battery</u>

Defendants maintain that summary judgment should enter on the assault and battery claims asserted by Elizabeth Edwards and Mitto in light of their <u>de minimis</u> injuries.  The tort of assault is "the intentional causing of imminent apprehension of harmful or offensive contact in another."  <u>DeWitt v. John Hancock Mutual Life Ins. Co.</u>, 5 Conn. App. 590, 594 (1985).  A person is liable for tort of battery if he or she causes a harmful contact with another person, and he or she intended to cause a harmful or offensive contact with another person or an imminent apprehension of such contact.  <u>Alteiri v. Colasso</u>, 168 Conn. 329, 334 n.3 (1975).  Defendants have not advanced their argument with supportive authority indicating that a certain level of injury is required to assert actionable claims for assault and battery.  Further, as previously discussed, the extent of the injuries sustained by Elizabeth Edwards and Mitto remains disputed.   The motion for summary judgment will be denied as these claims.

**I.     Municipal Liability**

Defendant City of Hartford asserts that it cannot be held liable for either negligent or intentional conduct pursuant to Connecticut General Statutes §§ 7-101a, 7-465 and 52–557n.

Connecticut General Statutes Section 52-577n provides that "a political subdivision of the state shall not be liable for damages ... caused by ... [a]cts or omissions of any employee, officer or agent which constitute criminal conduct, fraud, actual malice or willful misconduct."  Section 7-101a requires that municipalities indemnify municipal employees for negligent actions occurring in the scope of employment.  However, the statute does not provide for a cause of action against the municipality itself.  Similarly, Section 7-465 is an indemnity statute, providing that the municipality's duty to indemnify attaches when the employee is found to be liable and the conduct does not fall within the exception for willful and wanton acts.  Myers v. City of Hartford, 84 Conn. App. 395, 400 (2004).

As previously discussed, negligence claims against the officers will survive summary judgment.  Accordingly, the Court will deny summary judgment on the City of Hartford's argument that summary judgment should be granted in its favor on plaintiffs' claims for municipal liability as to the negligence.   However, the Court will grant summary judgment on plaintiffs' claims for municipal liability predicated on recklessness, intentional infliction of emotional distress and assault and battery.  See Crawford, 2014 WL 202369, at *15.

## III.  CONCLUSION

For the reasons stated above, the defendants officers' motion for partial summary judgment is GRANTED in part and DENIED in part; and the City of Hartford's motion for summary judgment is GRANTED in part and DENIED in part.

Summary judgment is GRANTED on (1) the claims pursuant to the Fifth Amendment based on Miranda violations; (2) Fabian Edwards's, Kenville Edwards's and Mitto's claims asserting Fourteenth Amendment violations; (3) the Fourth Amendment claims for false arrest and malicious prosecution; (4) Elizabeth Edwards's and Mitto's claims pursuant to the Connecticut Constitution; (5) Fabian Edwards's and Kenville Edwards's claims sounding in negligence; (6) Mitto's claims of negligent and intentional infliction of emotional distress; (7) the claims for liability against the City of Hartford based on the officers' intentional tortious conduct.

Summary judgment is DENIED on (1) Elizabeth Edwards's Fourteenth Amendment claim of substantive due process violation; (2) the official capacity claims; (3) the excessive force claims of Elizabeth Edwards and Mitto; (4) Elizabeth Edwards's and Mitto's claims of negligence; (5) Elizabeth Edwards's claim of negligent infliction of emotional distress; (6) the claims of recklessness against the defendant officers; (7) Elizabeth Edwards's claim of intentional infliction of emotional distress; (8) Elizabeth Edwards's and Mitto's claim for assault and battery; and (9) the claims for liability

against the City of Hartford based on the officers' negligent tortious conduct.

Within 15 days, plaintiff is instructed to file an amended complaint that is consistent with this ruling.

Dated at Bridgeport, Connecticut this _23rd__ day of November, 2015.

>/s/Warren W. Eginton
>WARREN W. EGINTON
>SENIOR UNITED STATES DISTRICT JUDGE