UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FABIAN EDWARDS, KENVILLE
EDWARDS, KEITH MITTO, and
ELIZABETH EDWARDS,

    Plaintiffs,                                     No. 3:13-cv-878(WIG)

    vs.

MATTHEW CORNELL, CHRISTOPHER
MAY, ERIC BAUMGARTEN, and THE CITY
OF HARTFORD

    Defendants.
_____X

## RULING AND ORDER

       In this civil rights action, plaintiffs Fabian Edwards, Kenville Edwards, Keith Mitto, and Elizabeth Edwards bring claims against the City of Hartford and Harford police officers Matthew Cornell, Christopher May, and Eric Baumgarten. The plaintiffs assert various federal and state claims stemming from an interaction they had with the officers at their home on June 14, 2012. The matter proceeded to a jury trial against Officer Cornell, Officer May, and Officer Baumgarten in December 2016. After the close of the plaintiffs' case, the officers made a Rule 50 Motion for Judgment as a Matter of Law on all counts. The Court denied the motion. The jury found in favor Officer Baumgarten on claims brought by Keith Mitto and Elizabeth Edwards. The jury also found in favor of Officer Cornell on claims brought by Kenville Edwards and in favor of Officer May on claims brought by Fabian Edwards. The jury failed to reach a verdict on the excessive force claim brought by Fabian Edwards against Officer Cornell and on the excessive force claim brought by Kenville Edwards against Officer May. Officers Cornell and May now move for judgment as a matter of law on the excessive force claims, the

only claims remaining in this case. For the reasons that follow, the Motion for Judgment as a Matter of Law is denied.

## Standard of Review

Rule 50(b) of the Federal Rules of Civil Procedure allows for the entry of judgment as a matter of law if a jury returns a verdict for which there is no legally sufficient evidentiary basis. *See* Fed. R. Civ. P. 50. "A district court may not grant a motion for judgment as a matter of law unless the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." *This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir. 1998) (internal quotations marks omitted). The standard under Rule 50(b) is not one of strength or weakness of the evidence; rather, "the evidence must be such that a reasonable juror would have been *compelled* to accept the view of the moving party." *Id.* (internal quotation marks omitted) (emphasis added). In short, judgment as a matter of law may not be granted unless

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or
> 
> (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it].

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998). In determining whether judgment as a matter of law is appropriate, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).

**Discussion**

The Fourth Amendment prohibits the use of excessive force by a police officer in effecting an arrest. The determination of whether an officer's use of force is reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The law is clear that some degree of force is permitted in effectuating a lawful arrest; thus, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Id.* (citation and internal quotation marks omitted). The question is whether the officer's use of force was objectively reasonable. *Id.* at 397. The reasonableness test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The reasonableness inquiry asks whether the officers' actions are objectively reasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. "In sum, the 'standard' to be applied in determining whether 'the amount of force' used exceeded the amount that was 'necessary' in the particular circumstances is 'reasonableness at the moment.'" *Rogoz v. City of Hartford*, 796 F.3d 236, 247 (2d Cir. 2015) (citing *Graham*, 490 U.S. at 396-97).

The defendants claim that no reasonable jury could find that Officer Cornell used excessive force against Fabian Edwards. The Court disagrees. This is a case about credibility. At trial, the plaintiffs and the defendants gave conflicting accounts as to what happened on June 14, 2012. The accounts diverge from the very beginning: Fabian asserts that an officer pushed

him into a local store before the events that took place at the Edwards's home. The officers deny any such push. The parties present differing accounts of use of a Taser: Fabian testified as to having the Taser used on him several times; the officers maintain that the Taser never came into contact with Fabian's body. In evaluating the evidence, a reasonable jury could find that at some point during the incident Officer Cornell's use of force was excessive.

Likewise, the defendants claim that no reasonable jury could find that Officer May used excessive force against Kenville Edwards. Again, the Court disagrees. Here, too, the factual accounts differ greatly. The testimony adduced at trial provides competing accounts of the level of force Officer May used, of the response of Kenville, and of the roles of the other officers. A reasonable jury could find support for Kenville's claim that Officer May's use of force was unreasonable in light of his level of resistance.

In both instances, it is a matter of whom the jury believes. The Court, in this case, cannot take that decision away from it.

In excessive force cases, the jury need not "dissect a police encounter into its separate components… or view each specific act taken by police officers in isolation." *Rickettes v. Turton*, No. 12-CV-6427(SMG), 2015 WL 3868070, at *6 (E.D.N.Y. June 23, 2015) (internal quotation marks and citation omitted). The jury must "pay careful attention to the facts and circumstances of the incident and determine whether, in light of the totality of the circumstances, the officers acted reasonably." (*Id.*) (internal quotation marks and citation omitted). Here, a reasonable jury could find that certain actions of the officers were unreasonable.

In cases such as this, where the parties present conflicting accounts of how much force was used and in what manner, resolution of the conflicting versions of events are for a jury, and are not to be resolved on a motion for judgment as a matter of law. *Robison v. Via*, 821 F.2d

913, 924 (2d Cir. 1987) (citing generally Fed.R.Civ.P. 56(e) 1963 advisory committee note; *Agosto v. INS,* 436 U.S. 748, 756 (1978); *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 472–73 (1962); *Centronics Financial Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 782 (2d Cir.1978); 6 *Moore's Federal Practice* ¶ 56.02[10], at 56–45 (2d ed. 1986)).

The nature of the testimony – that of contrasting factual accounts – makes judgment as a matter of law inappropriate in this case. "[J]udgment as a matter of law may only be granted if: 'There is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it.'" *Gonzalez v. Waterbury Police Dep't*, No. 3:12-CV-478 (SRU), 2016 WL 4074120, at *1 (D. Conn. July 29, 2016), *as amended* (Aug. 9, 2016) (citing *Galdieri–Ambrosini*, 136 F.3d at 289). There is not overwhelming evidence in favor of the officers. Rather, a reasonable jury could credit all or some of the testimony of the plaintiffs and conclude that the force used was excessive. The defendants sincerely believe that no one could reasonably find for the plaintiffs. But that is not the defendants' call; nor is it the Court's.

Defendants center much of their argument on the jury's verdict. The jury found for Officer May on Fabian's claim against him. The Jury also found for Officer Cornell and Officer Baumgarten on Kenville's claim against them. Defense counsel characterizes these verdicts as the jury's finding that these officers' use of force was reasonable throughout the entire incident with the Edwards family. This is wrong. The jury's finding cannot be stretched that far. The verdicts show only that Fabian and Kenville *did not prove* by a preponderance of the evidence that these particular officers used excessive force at particular times throughout an ongoing incident. The verdicts are not a proclamation that each defendant's use of force was *reasonable*. The verdicts, simply put, are immaterial to the question of what a reasonable jury *could* find.

5

For similar reasons, the officers are not entitled to judgment as a matter of law on qualified immunity grounds.  An officer is entitled to qualified immunity if "(1) his conduct does not violate a clearly established constitutional right, or (2) it was objectively reasonable for the officer to believe his conduct did not violate a clearly established constitutional right."  *Hartline v. Gallo*, 546 F.3d 95, 102 (2d Cir. 2008) (internal quotation marks omitted).  When there are facts in dispute as to the level of force used, judgment as a matter of law should not be granted on a qualified immunity claim.  *See White v. Francis Mcdermott*, No. 3:08-CV-634 JBA, 2010 WL 4687620, at *2 (D. Conn. Nov. 4, 2010).  It is well-established that use of excessive force is unconstitutional.  "Where the circumstances are in dispute, and contrasting accounts ... present factual issues as to the degree of force actually employed and its reasonableness, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity."  *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (internal quotation marks and citations omitted).

Here, because there are disputes of fact as to the actions of the plaintiffs and as to whether the level of force used by the officers was necessary and reasonable, granting qualified immunity on a motion for judgment as a matter of law would be inappropriate.  *See McLaurin v. Falcone*, No. 05-4849-CV, 2007 WL 247728, at *1 (2d Cir. Jan. 25, 2007); *see also Schwartz v. Town of Plainville*, 483 F. Supp. 2d 192, 197 (D. Conn. 2007) (explaining that granting summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness of the force used) (citing *Thomas v. Roach,* 165 F.3d 137, 143 (2d Cir.1999)).

**<u>Conclusion</u>**

For the foregoing reasons, the defendants' Motion for Judgment a Matter of Law is DENIED. A second trial by jury shall commence on April 24, 2017, as set forth in the Court's January 9, 2017 Scheduling Order.

SO ORDERED, this  7th   day of March 2017, at Bridgeport, Connecticut.

                                        */s/ William I. Garfinkel*
                                        WILLIAM I. GARFINKEL
                                        United States Magistrate Judge