UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FABIAN EDWARDS and KENVILLE
EDWARDS,

    Plaintiffs,

                                           No. 3:13-cv-878(WIG)

        vs.

MATTHEW CORNELL, CHRISTOPHER
MAY, and THE CITY OF HARTFORD,

    Defendants.

_____X

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Following a jury trial and judgment entered in his favor, Kenville Edwards ("Plaintiff")

has moved for an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b). For the reasons that

follow, the Court awards Plaintiff $141,505.00 in fees and $7,024.70 in costs.

**Background**

This case, a civil rights action, was brought pursuant to 42 U.S.C. § 1983. The plaintiffs,

Fabian Edwards and his brother Kenville Edwards, brought claims against the City of Hartford

and Harford police officers Matthew Cornell and Christopher May, alleging that the officers used

excessive force against them during an incident occurring at the Edwards' home on June 14,

2012. On April 27, 2017, after a jury trial, a jury found in favor of Officer Cornell on claims

brought by Fabian Edwards, and found in favor of Kenville Edwards on claims against Officer

May. [1] The jury found that Officer May violated Kenville Edwards' civil rights by using

_____

[1] This was the second trial in this matter. The first trial resulted in a jury verdict in favor of
Officer May on claims brought by Fabian Edwards. The jury failed to reach a verdict on the

excessive force against him; it awarded $135,000.00 in compensatory damages and $275,000.00 in punitive damages. The Court subsequently ordered remittitur of the punitive damages award to $75,000, which Plaintiff accepted.

The parties engaged in fairly extensive post-trial motion practice: both the City and Officer May filed Motions for Judgment as a Matter of Law, which the Court denied in large part [Doc. # 170, 174, 199, 214]. Officer May also filed a Motion for a New Trial, which the Court denied. [Doc. # 150, 214]. The Court also denied a Joint Motion for Vacatur in Aid of Settlement. [Doc. # 215, 216, 218]. Finally, Plaintiff filed a Motion for Bond, which was granted on January 12, 2018. [Doc. # 210, 219].

Now before the Court are Plaintiff's Motion for Attorney's Fees [Doc. # 166] and Amended Motion for Attorney's Fees [Doc. # 222].

**Discussion**

In a Section 1983 case, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "By awarding attorneys' fees, the judicial system 'encourage[s] the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel.'" *Payne v. Kirkland*, No. 14-CV-7098 (ALC), 2017 WL 5952707, at *1 (S.D.N.Y. Nov. 30, 2017) (citing *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982)). The prevailing party should ordinarily recover fees "unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The

---

excessive force claim brought by Fabian Edwards against Officer Cornell and on the excessive force claim brought by Kenville Edwards against Officer May. The jury in the first trial also found in favor of Officer Baumgarten on an excessive force claim brought against him by Kenville Edwards, and rendered verdicts in favor of the officers on claims brought by additional members of the Edwards family.

amount of the fee is determined "on the facts of each case." *Id.* In ascertaining whether a fee is warranted under 42 U.S.C. § 1988(b), the court must first determine whether the plaintiff is a prevailing party, and then, if so, what fee is reasonable.

### A. Prevailing Party

A plaintiff is considered a prevailing party for attorneys' fees purposes if he succeeds on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley*, 461 U.S. at 433. A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Defendants argue that Plaintiff did not "prevail" because he only succeeded in his excessive force claim against Officer May and not in his excessive force claim against Officer Baumgarten. The Court disagrees and finds that Plaintiff is a prevailing party. He obtained actual relief on an issue significant to – if not defining of – the litigation: whether one or more of the officers used excessive force against him. It is well-established that a plaintiff can prevail even when he succeeds on only some, but not all, of his claims. *See Hensley*, 461 U.S. at 434. Thus, the Court finds Plaintiff is entitled to an award of fees and will now determine what constitutes a reasonable award in this case.

### B. Reasonable Fee

A prevailing party seeking fees bears the burden of showing that the requested fee is reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). In calculating a reasonable fee, courts are instructed to multiply the hours reasonably expended by a reasonable hourly rate in the district in which the court sits. *Hensley*, 461 U.S. at 433. This is considered the "presumptively

reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay," considering that a "paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* Courts should consider "case-specific variables … relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* "Those variables include the time and labor required to litigate the case, the novelty and difficulty of the issues and level of skill necessary to address them, the attorneys' customary hourly rates and their experience, reputation and ability, and the nature and length of the professional relationship with the client." *Jaeger v. Cellco P'ship*, No. 3:11-CV-1948 SRU, 2015 WL 1867661, at *3 (D. Conn. Apr. 23, 2015). In determining a reasonable hourly rate, the district court can take judicial notice of local prevailing rates, based on both rates awarded in other cases and the court's own familiarity with them. *Chabad Lubavitch of Litchfield County, Inc. v. Borough of Litchfield*, No. 3:09-CV-1419 (JCH), 2018 WL 2332075, at *8 (D. Conn. May 23, 2018). A party seeking an award of fees must submit time records indicating "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Here, Plaintiff seeks $177,800.00 in fees, which represents $142,240.00 in actual fees plus an upward adjustment of 25%. He also seeks $7,024.70 in costs. Plaintiff has submitted invoices from the law firm of Eagan, Donahue, Van Dyke & Falsey, LLP, which contain the required information, to support his request. The invoices attached to the preliminary motion reflect a total of $127,520.00 in fees billed at a rate of $400.00 per hour, and a total of 344.8 hours billed. The 344.8 represents the total hours spent on this matter, but not the total number of hours for which Plaintiff is seeking compensation. Plaintiff's counsel did not charge for work

done on other plaintiffs' claims, or for duplicative work. The invoice attached to the amended

motion reflects an additional 36.8 hours billed at a rate of $400.00 per hour, for a total of

$14,720.00. Plaintiff also provides the Court with background information on the lawyer who

billed the hours requested: Attorney Peter Van Dyke has approximately fifteen years of

experience handling complex civil litigation in state and federal courts in Connecticut and

Massachusetts.

The Court finds that the requested hourly rate of $400.00 is reasonable, in light of

counsel's experience, the nature of the work performed, and the rates awarded in prior similar

cases. *See Chabad Lubavitch*, 2018 WL 2332075, at *9 (rates ranging from $400 - $410

reasonable); *Crawford v. City of New London*, No. 3:11-CV-1371(JBA), 2015 WL 1125491, at

*3 (D. Conn. Mar. 12, 2015) ($410 hourly rate reasonable); *Goff v. Chivers*, No. 3:13-CV-

722(SALM), 2017 WL 2896022, at *2 (D. Conn. July 7, 2017) (hourly rates of $350 and $500

reasonable).

The number of hours billed must also be reasonable. Courts should exclude from a fee

award "hours that were not reasonably expended." *Hensley*, 461 U.S. at 434. Defendants argue

that the invoices charge for work done on unsuccessful claims, and for work on clerical tasks,

and request the number of hours be reduced. Plaintiff acknowledges that his lawyer also

represented the other parties who did not prevail, but states he is not seeking reimbursement for

any time spent on those claims, and that all of the hours submitted for compensation were

necessary for Plaintiff to prevail on his claim.

The Court finds that the number of hours spent on this matter is, in large part, reasonable.

Upon review of the billing entries, the Court concludes that the tasks completed were those

necessary to successfully litigate Plaintiff's claim. The Court agrees with Plaintiff that the

requested hours were necessary and would have been spent even if Kenville Edwards was the sole plaintiff in this case.

There are some billing entries for clerical tasks, however, that must be reduced. Billing records reflect attorney time for tasks such as filing, mailing, and drafting service documents. These tasks, although the time spend on them is reasonable, are clerical in nature. Accordingly, the Court will allow recovery of 2.1 hours at $50.00 per hour instead of at $400.00 per hour. *See Tsombanidis v. City of W. Haven, Connecticut*, 208 F. Supp. 2d 263, 282 (D. Conn. 2002), *amended sub nom. Tsombanidis v. W. Haven*, No. 98-CV-1316, 2002 WL 31120856 (D. Conn. Aug. 7, 2002), and *aff'd sub nom. Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565 (2d Cir. 2003) (compensating hours expended for clerical duties at a rate of $50.00 per hour); *Knoeffler v. Town of Mamakating*, 126 F. Supp. 2d 305, 317 (S.D.N.Y. 2000) (findings tasks such as "faxing, filing, photocopying, delivery, drafting affidavits of service, and service of papers" to be clerical and compensable at a rate of $50.00 per hour.). The Court will subtract from the total fee award $735.00.[2]

### a. Is departure warranted?

The product of reasonable hours multiplied by a reasonable rate does not necessarily end the inquiry. *Hensley*, 461 U.S. at 434. Courts may adjust a fee upward or downward to account for considerations such as degree of success or results obtained. *Id.*

Here, Defendants claim that the overall fee should be reduced in light of Plaintiff's partial success. A prevailing plaintiff "is not entitled to a fee for hours dedicated to prosecuting unsuccessful claims if those claims were unrelated to the claims on which the party prevailed."

---

[2] 2.1 hours billed at $400.00 per hour amounts to $840.00. 2.1 hours billed at $50.00 per hour amounts to $105.00. $735.00 represents the difference.

*Tsombanidis*, 208 F. Supp. 2d at 284. When, however, the unsuccessful claims are "not wholly unrelated" to the successful claim, hours spent on the unsuccessful claims do not need to be subtracted from the overall fee award. *Id.*

Where a plaintiff's claims involve "a common core of facts or are based on related legal theories, and are therefore not severable, attorney's fees may be awarded for unsuccessful claims as well as successful ones." *Hines v. City of Albany*, 613 F. App'x 52, 55 (2d Cir. 2015) (citing *Green v. Torres,* 361 F.3d 96, 98 (2d Cir.2004)). When, for example, a plaintiff's claims arise out of a "common core of facts" such as an encounter with police, and "all of the causes of action were traceable to a single police operation carried out at the same time and place," a reduction of the overall fee is not warranted. *See id. See also Tsombanidis*, 208 F. Supp.2d at 284 (awarding the presumptively reasonable fee in full when the plaintiff prevailed on one of three claims that were "factually interrelated and derived from a common core of operative facts"); *Knoeffler v. Town of Mamakating*, 126 F.Supp.2d 305, 319 (S.D.N.Y. 2000) (awarding plaintiff a fully compensatory fee, even though plaintiff did not succeed on all claims, when the claims were "grounded on common facts and related legal theories").

Since all of Plaintiff's claims arose from a common core of facts, the Court will not reduce the overall fee. The Court has reviewed the billing records carefully, and is assured that the hours expended were necessary for Kenville Edwards to litigate his claims. Even time spent on preparing for and taking depositions of the other plaintiffs was necessary; they were witnesses to the event that was the basis of Plaintiff's lawsuit. This event was a single police encounter that took place at one time and in one place. Similarly, the Court finds that Plaintiff's success on his claim against one officer but not on the other does not warrant a reduction here. The claims asserted by Plaintiff against both officers were inexorably related: they alleged use of excessive

force by the officers during the same incident in which, in large part, the officers were acting in tandem. Therefore, Defendant's argument that Plaintiff achieved only partial success must fail. *See Houston v. Cotter*, 234 F. Supp. 3d 392, 399 (E.D.N.Y. 2017) (declining to find a plaintiff only partially successful when the plaintiff had a successful excessive force claim against one officer but not another officer when the claims involved a common core of facts).

Plaintiff has also achieved a level of success commensurate with a full fee award. The jury awarded Plaintiff both compensatory and punitive damages of not insubstantial amounts. *Cf. Houston*, 234 F. Supp. 3d at 399 (finding a jury award of $30,000 in compensatory and punitive damages to be substantial). The Court concludes that no reduction in fee is warranted in this case.

In addition, Plaintiff is seeking an upward adjustment of 25%. Only in "rare cases" will the presumptively reasonable fee be adjusted upward. *Wilkinson v. Forst*, 729 F. Supp. 1416, 1418 (D. Conn. 1990) (citing *Blum,* 465 U.S. at 899). In *Wilkinson*, for instance, the court awarded a 25% upward adjustment because that case presented "the extraordinary combination of circumstances under which a multiplier [was] appropriate." *Id.* There, the plaintiffs were individuals who attended a Ku Klux Klan rally and brought a civil rights action challenging police practice of searching rally attendants. *Id.* at 1416. The court noted the particular difficulty of finding counsel, and that the "personal, professional, and financial risks incurred by counsel in view of the extreme unpopularity of their client" justified the 25% upward adjustment. *Id.* at 1418-19. The extraordinary circumstances that existed in *Wilkinson* are simply not present here. While Plaintiff's counsel provided outstanding representation, the fee awarded herein provides reasonable compensation for those efforts.

## **Conclusion**

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Supplemental Motion for Attorneys' Fees are granted. Attorneys' fees are awarded in the amount of $141,505.00 and costs are awarded in the amount of $7,024.70, for a total award of $148,529.70.

SO ORDERED, this  11th  day of July, 2018, at Bridgeport, Connecticut.

          /s/ *William I. Garfinkel*
          WILLIAM I. GARFINKEL
          United States Magistrate Judge